[Crim. No. 8286. Fourth Dist., Div. One. Oct. 7, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL MAXWELL TATEM, Defendant and Appellant.

**COUNSEL**

James B. Burns, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Karl J. Phaler and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

AULT, J.—Defendant Carl Maxwell Tatem was charged by information with burglary of five business establishments located in the northern area of San Diego County in violation of Penal Code section 459. He waived a jury trial, and the case was submitted by stipulation on the transcript of the preliminary hearing. The trial court concluded Tatem had not committed burglary but found him guilty of five counts of petty theft, as lesser included offenses of the burglaries charged in the information. Before judgment was pronounced, Tatem moved to dismiss, arguing both orally and by written points and authorities that his conviction was improper because theft is not a lesser included offense in the crime of burglary. The trial court denied the motion, suspended the imposition of sentence and placed Tatem on probation for three years, conditioned upon his making restitution and paying a $1,500 fine.

On appeal Tatem raises the same issue he urged in the trial court. We conclude the judgment must be reversed because the offenses of which Tatem was convicted (petty thefts) were not included within the charges made in the information (burglaries).

### Discussion

Except for the dates and the names of the business establishments alleged to have been entered, all five counts of the information charged burglary in identical language. Count One of the information read: "On or about 3/31/75 CARL MAXWELL TATEM did unlawfully enter a building, Snyder's Bakery, with intent to commit theft, in violation of Penal Code section 459."

Penal Code section 1159 provides: "The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, . . ."

Charged with burglaries and convicted of petty thefts, Tatem's convictions can be upheld only if petty theft is a necessarily included offense of the offense of burglary. As stated in *People* v. *Cannady,* 8 Cal.3d 379, 389 [105 Cal.Rptr. 129, 503 P.2d 585]: "A defendant cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information whether or not there

was evidence at his trial to show that he had committed that offense. [Citation.]"

▇ Under well established California law, a necessarily included offense exists when the charged offense, either as defined by statute or as stated in the accusatory pleading, *cannot* be committed without also committing a lesser included offense. (*People* v. *Escarcega,* 43 Cal.App.3d 391, 396 [117 Cal.Rptr. 595]; see also *People* v. *Cannady, supra,* 8 Cal.3d 379, 390; *People* v. *St. Martin,* 1 Cal.3d 524, 536 [83 Cal.Rptr. 166, 463 P.2d 390].)

▇ By statutory definition, petty theft (or theft of any kind) is not a necessarily included offense of burglary because burglary can be committed without committing theft[1] (see *People* v. *Epps,* 34 Cal.App.3d 146 [109 Cal.Rptr. 733], and cases cited at p. 164). ▇ Nor is petty theft a necessarily included offense under the accusatory pleading in this case, since the information nowhere alleges Tatem stole or took away the property of another.

The People's reliance upon *People* v. *Marshall,* 48 Cal.2d 394 [309 P.2d 456], and *People* v. *Collins,* 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326], is misplaced. Unlike the information in this case, the accusatory pleading in *Marshall,* though charging robbery, alleged all the elements of the included offense of which the defendant was convicted. *Collins* involved Penal Code section 261 (rape), and the distinguishing feature was that the subdivisions of the section do not state different offenses but rather describe the different circumstances under which an act of sexual intercourse will constitute the crime of rape (*People* v. *Collins, supra,* 54 Cal.2d 57, 59; see *People* v. *Escarcega, supra,* 43 Cal.App.3d 391, 396, fn. 1; *People* v. *Leech,* 232 Cal.App.2d 397, 399 [42 Cal.Rptr. 745]). That principle has no application here.

▇ Tatem also correctly contends his convictions of what were erroneously considered to be necessarily included offenses constitute acquittals of the burglary charges (*In re Hess,* 45 Cal.2d 171, 176 [288 P.2d 5]). He has not been charged with petty theft. Future prosecution of Tatem for petty theft based upon the same incidents referred to in the

---

[1] Insofar as pertinent here, Penal Code section 459 provides: "Every person who enters any . . . building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." Every person who feloniously steals or takes the personal property of another is guilty of theft. (Pen. Code, § 484, subd. (a).)

information is barred by the rule of *Kellett* v. *Superior Court,* 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206], and by the one-year limitation provision in Penal Code section 801. (See, however, Pen. Code, § 802.)

The judgment is reversed.

Brown (Gerald), P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.