[No. C001253. Third Dist. Dec. 9, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID D. TABAREZ, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*See footnote 2, *post,* page 553

## COUNSEL

Frank O. Bell, Jr., and Harvey R. Zall State Public Defenders, under appointment by the Court of Appeal, Gregory J. Roussere and George L. Mertens, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, W. Scott Thorpe and David A. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DEEGAN, J.**[*]—Convicted by a jury in case number 70667 of robbery (Pen. Code, § 211 [subsequent undesignated section references are to this code]) and receiving stolen property (§ 496), with allegations of a prior "serious" felony conviction (§ 667) and a prior prison term (§ 667.5, subd. (b)) sustained by the court,[1] the defendant claims reversible error in the denial of his severance motion and the use of an inapplicable instruction,

---

[*]Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1]In case number 73428, a separate proceeding which does not concern us in this appeal, the defendant entered a negotiated plea of guilty to one count of forgery (§ 470) committed while on bail (§ 12022.1), the sentence to be served consecutively to that imposed in case number 70667 for a total of 10 years in state prison.

both of which arguments we reject in the unpublished portion of this decision. He further asserts he is immune from conviction for receiving stolen property as a matter of law. We reject this argument in the published portion of the opinion and consequently shall affirm the judgment as modified.[2]

We need not set out a separate recitation of the underlying facts. What details are essential will be incorporated in the discussion.

## I, II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III

Defendant asserts as a matter of law he cannot be convicted of violation of section 496 (commonly referred to as "receiving stolen property") because there is evidence he was the actual thief.[3] Before addressing the applicable law, we summarize the evidence introduced at trial on this charge, all of which was offered by the prosecution.

Mr. Shumate, a resident of a motel near a construction site, testified he observed three men loading manhole covers into the back of a blue Chevrolet pickup truck in the evening hours of June 13, 1985. The manhole covers were the property of the Granite Construction Company and were marked with the initials "GCC." Mr. Shumate equivocally identified defendant at trial as being part of the group loading the covers into the truck.

On June 14, 1985, defendant sold a number of manhole covers bearing the mark "GCC" as scrap metal to A & A Salvagers. The person to whom defendant sold the covers was familiar with defendant, having purchased scrap metal from him at least 10 other times.

Section 496, subdivision 1 currently provides in relevant part: "Every person who *buys* or *receives* any property which has been stolen or which has been obtained in any manner constituting theft . . . , knowing the property to be so stolen . . . , *or* who *conceals, sells* [or] *withholds* . . . any such property from the owner, knowing the property to be stolen . . . is punishable by imprisonment in a state prison, . . . ." (Italics added.)

---

[2] The Reporter of Decisions is directed to publish all of this opinion except parts I, II, and IV.

* See footnote 2, *ante,* this page.

[3] Defendant was not charged with the theft of the manhole covers.

It has been held a thief may not be convicted under section 496 for "concealing" or "withholding" stolen property as these acts are part and parcel of the theft. (*People* v. *Tatum* (1962) 209 Cal.App.2d 179, 183-185 [25 Cal.Rptr. 832] ["To conceal and withhold is the thief's purpose from the very moment that he gains possession of the property."].) It is equally clear a thief may not be convicted under section 496, subdivision 1 of "buying" or "receiving" the goods which he has previously stolen. (*Ibid.*) "This is because 'the word "receive" implies two persons, to the end that it must be proved that defendant received the goods from somebody. [Citation.] The word "buys" similarly implies that there is a second party who purchases the stolen goods from the thief. Just as a thief cannot receive from himself, he cannot buy from himself.' " (*People* v. *Stewart* (1986) 185 Cal.App.3d 197, 204 [229 Cal.Rptr. 445]; see *People* v. *Marquez* (1965) 237 Cal.App.2d 627, 637 [47 Cal.Rptr. 166].)

In light of the foregoing, section 496 has been construed "as a statute directed primarily at persons who do not physically participate in the actual theft of property. . . . [¶] [Instead, it] is directed at those who knowingly deal with thieves and with their stolen goods after the theft has been committed." (*Tatum, supra,* 209 Cal.App.2d at pp. 183-184; cited with approval in *Stewart, supra,* 185 Cal.App.3d at p. 204; *Marquez, supra,* 237 Cal.App.2d at pp. 636-637.)

Nonetheless, we conclude defendant was properly convicted of violation of section 496 even if the thief because the Legislature has, post-*Tatum,* expressed its intention to punish every person—including the thief—who *sells* stolen property. In 1972, the Legislature added the term "sells" to subdivision 1 of section 496. (Stats. 1972, ch. 963, § 1, p. 1739.) Unlike the construction given "buy" or "receive" (see *Stewart, supra,* 185 Cal.App.3d at p. 204), "sell" is a term necessarily presupposing two parties but *not* precluding the party stealing the goods from the reach of the statute. In addition, unlike "concealing" and "withholding," the sale of stolen property is not part and parcel of the theft itself.

The 1972 amendment to section 496 was before the court in *People* v. *Jackson* (1978) 78 Cal.App.3d 533 [144 Cal.Rptr. 199]. In *Jackson,* the evidence demonstrated defendant had stolen his girlfriend's motorcycle and sewing machine, which he then sold to an undercover police officer. (*Id.,* at pp. 536-538.) Defendant was convicted of theft (§ 487) and "concealing, withholding or selling" the stolen goods. (§ 496, subd. 1.) The *Jackson* court reversed the latter conviction, asserting the 1972 amendment adding

"sells" did not clearly suggest it was intended to apply to thieves. (*Id.,* at pp. 538-539.)[4]

We respectfully disagree with *Jackson.* First, an interpretation that "sells" applies only to a person who receives stolen property and then resells it defies logic. Since such sellers would already be criminally liable under section 496 as presumably they have bought, received, concealed or withheld the goods, this interpretation would render the addition of "sells" a nullity, an action we cannot ascribe to the Legislature. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

Moreover, *Jackson* ignores the distinction between "sells" and the other acts violative of the statute. The terms "buy," "receive," "withhold" and "conceal" have been interpreted literally, and so too must the word "sell." Thus it is clear concealing and withholding the stolen merchandise are part of the crime of theft, the purpose of the thief "from the very moment that he gains possession of the property" (*Tatum, supra,* 209 Cal.App.2d at p. 183); furthermore, a thief cannot receive or buy stolen property from himself because it is logically impossible (*Marquez, supra,* 337 Cal.App.2d at p. 637). By force of the same reasoning, however, it is equally clear a thief *can* sell stolen property and that the sale of such property is an act separate from the initial theft.

Finally, we reject the contention that simply because the Legislature did not use the word "thief" as suggested in *Jamarillo* (see fn. 4, *ante*), the amendment adding "sells" to section 496 was not intended to apply to the person who stole the property. The amendment is a direct indication of an intent to punish "[e]very person" who engages in the *separate* and *severable* act of selling stolen property. (§ 496, subd. 1.)

Thus, even if the jury had found that defendant was the thief, thus ruling out a conviction for violation of section 496 on the theory of buying, receiving, concealing, or withholding, defendant's sale of the property renders him liable under section 496. Here, the People's sole theory in support of the section 496 charge was that defendant sold property he knew to be stolen. Accordingly, the trial court instructed the jury that the actus reus of violation of section 496 was "that a person sold or aided in selling property which had been stolen," omitting any mention of any of the other acts

---

[4] In reaching this conclusion, *Jackson* relied upon *People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706]. The *Jaramillo* court held a thief could not be convicted under section 496 for *concealing* property stolen by the thief: " 'If the Legislature had intended in [section 496] to embrace *concealment* of stolen property by the thief, it would have been a simple matter to say "every *thief* or any other person . . . who conceals, etc." . . . .' " (*Jaramillo, supra,* 16 Cal.3d at p. 758 [quoting *Tatum, supra,* 209 Cal.App.2d at p. 184], italics ours.)

characterizing a violation of section 496 such as receiving, withholding, concealing or buying. We hold defendant was properly convicted on the stolen goods charge.[5]

## IV*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## DISPOSITION

As modified, the judgment is affirmed.

Puglia, P. J., and Carr, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 15, 1989.

---

[5] Although we take issue with the analysis contained in *Jackson,* we believe the *Jackson* court reached the correct result. The defendant in *Jackson* was charged with "concealing, withholding or selling" under section 496. (78 Cal.App.3d at p. 535.) Although the instructions provided the jury were not included in the opinion, undoubtedly such instructions spoke in the terms so charged. Thus, there would have been no way of determining whether the jury convicted the defendant permissively of selling or impermissively of concealing or withholding. (See *Tatum, supra,* 209 Cal.App.2d at pp. 183-185.)

* See footnote 2, *ante,* page 553.