[No. F011458. Fifth Dist. June 21, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JULIAN VALLEJO, Defendant and Appellant.

COUNSEL

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, Ronald F. Turner and Steven Meinrath, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane N. Kirkland and Edmund D. McMurray, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STONE (W. A.), J.**—Because defendant's sole issue on appeal is that he cannot stand convicted of three counts of burglary and also stand convicted

of three counts of receiving property stolen in those burglaries, our statement of the case and facts will be brief.

Defendant stands convicted of numerous charges and enhancements, among them three counts of residential burglary (Pen. Code,[1] § 459) and three counts of receiving stolen property (§ 496). These convictions followed negotiated pleas.

Defendant and the People agree the preliminary hearing transcript reveals the stolen property involved in three of the burglaries was the same property involved in three receiving stolen property convictions, and in each instance defendant sold the stolen property to an undercover detective as part of a "sting" operation.

At the time defendant entered each of his guilty pleas to the violations of section 496, the court asked defendant how he would plead "to the charge of receiving stolen property" or "to receiving stolen property."

## DISCUSSION

Defendant argues he could not be convicted of three counts of selling the goods taken in three of the burglaries for which he stands convicted.

Section 496 provides, in pertinent part: "Every person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds or aids in concealing, selling, or withholding any such property from the owner, knowing the property to be so stolen or obtained, is punishable by imprisonment in a state prison, or in a county jail for not more than one year; . . ."

■ By well-established rule, a defendant may not be convicted of stealing and *receiving* the same property, though the People may charge both crimes. It is for the trier of fact to decide which of the acts defendant is guilty of having committed: those necessary to be a thief, or those necessary to conceal, withhold or receive stolen property. (*People* v. *Jaramillo* (1976) 16 Cal.3d 752, 757-758 [129 Cal.Rptr. 306, 548 P.2d 706].)

In *People* v. *Jackson* (1978) 78 Cal.App.3d 533 [144 Cal.Rptr. 199], we held the principle of *Jaramillo* applicable to preclude convicting a thief of "concealing, withholding or selling" the goods he had stolen. The People argued selling is a distinct act from receiving, withholding or concealing,

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

and therefore, pursuant to section 496, justifies a conviction separate from the theft. Rejecting the People's contention, we looked to language in *Jaramillo* and concluded section 496 was directed at fences and sales made by fences, rather than sales made by thieves themselves. (*People* v. *Jackson*, *supra*, 78 Cal.App.3d at p. 539.)

The Attorney General asks us to reconsider *Jackson* and reject its holding, and adopt instead the reasoning in *People* v. *Tabarez* (1988) 206 Cal.App.3d 551 [253 Cal.Rptr. 658], which disapproves *Jackson*.

In *Tabarez*, a jury convicted the defendant of both stealing certain property and selling it. (206 Cal.App.3d at p. 553.) The court affirmed both convictions and reasoned: "[W]e conclude defendant was properly convicted of violation of section 496 even if the thief because the Legislature has, post-*Tatum* [*People* v. *Tatum* (1962) 209 Cal.App.2d 179 (25 Cal.Rptr. 832)], expressed its intention to punish every person—including the thief—who *sells* stolen property. In 1972, the Legislature added the term 'sells' to subdivision 1 of section 496. (Stats. 1972, ch. 963, § 1, p. 1739.) Unlike the construction given 'buy' or 'receive' (see [*People* v.] *Stewart*, [(1986)] 185 Cal.App.3d [197] at p. 204 [229 Cal.Rptr. 445]), 'sell' is a term necessarily presupposing two parties but *not* precluding the party stealing the goods from the reach of the statute. In addition, unlike 'concealing' and 'withholding,' the sale of stolen property is not part and parcel of the theft itself.

"The 1972 amendment to section 496 was before the court in *People* v. *Jackson* (1978) 78 Cal.App.3d 533 [144 Cal.Rptr. 199]. In *Jackson*, the evidence demonstrated defendant had stolen his girlfriend's motorcycle and sewing machine, which he then sold to an undercover police officer. (*Id.*, at pp. 536-538.) Defendant was convicted of theft (§ 487) and 'concealing, withholding or selling' the stolen goods. (§ 496, subd. 1.) The *Jackson* court reversed the latter conviction, asserting the 1972 amendment adding 'sells' did not clearly suggest it was intended to apply to thieves. (*Id.*, at pp. 538-539.)[4]

"We respectfully disagree with *Jackson*. First, an interpretation that 'sells' applies only to a person who receives stolen property and then resells it defies logic. Since such sellers would already be criminally liable under section 496 as presumably they have bought, received, concealed or withheld the goods, this interpretation would render the addition of 'sells' a nullity, an action we cannot ascribe to the Legislature. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

"Moreover, *Jackson* ignores the distinction between 'sells' and the other acts violative of the statute. The terms 'buy,' 'receive,' 'withhold' and 'con-

ceal' have been interpreted literally, and so too must the word 'sell.' Thus it is clear concealing and withholding the stolen merchandise are part of the crime of theft, the purpose of the thief 'from the very moment that he gains possession of the property' (*Tatum*, at p. 183); furthermore, a thief cannot receive or buy stolen property from himself because it is logically impossible (*Marquez*, at p. 637). By force of the same reasoning, however, it is equally clear a thief *can* sell stolen property and that the sale of such property is an act separate from the initial theft.

"Finally, we reject the contention that simply because the Legislature did not use the word 'thief' as suggested in *Jaramillo* (see fn. 4, *ante*), the amendment adding 'sells' to section 496 was not intended to apply to the person who stole the property. The amendment is a direct indication of an intent to punish '[e]very person' who engages in the *separate* and *severable* act of selling stolen property. (§ 496, subd. 1.)" (*People* v. *Tabarez, supra,* 206 Cal.App.3d at pp. 554-555.)

The text of footnote 4 of the *Tabarez* opinion provides: "'4 In reaching this conclusion, *Jackson* relied upon *People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706]. *Jaramillo* court held a thief could not be convicted under section 496 for *concealing* property stolen by the thief: ' "If the Legislature had intended in [section 496] to embrace *concealment* of stolen property by the thief, it would have been a simple matter to say 'every *thief* or any other person . . . who conceals, etc.' . . . ." ' (*Jaramillo, supra,* 16 Cal.3d at p. 758 [quoting *Tatum, supra,* 209 Cal.App.2d at p. 184]; italics ours.)" (*People* v. *Tabarez, supra,* 206 Cal.App.3d at p. 555, fn. 4; see also *People* v. *Jackson, supra,* 78 Cal.App.3d at p. 538.)

However, in the present case, we are not presented with a choice between *Jackson* and *Tabarez* because defendant pled guilty to *receiving* stolen property, not selling stolen property. As we noted earlier, during each of the guilty pleas, the court asked defendant how he would plead "to the charge of receiving stolen property" or "to receiving stolen property." In addition, the amended information, in each instance of alleging a violation of section 496, charged defendant "did willfully and unlawfully buy, receive, conceal, sell, withhold, and aid in concealing, selling, and withholding property." Neither the information nor defendant's pleas specifically describes the manner in which he violated section 496.

In *People* v. *Tabarez, supra,* 206 Cal.App.3d 551, the trial court limited its instructions regarding section 496 to a person who sold or aided in the sale of the stolen property. We have no such limitation in the case of defendant's pleas. While the preliminary hearing testimony may indicate defendant sold the stolen items to an undercover officer, the facts indicate

defendant also received, withheld or concealed those items. We therefore resolve in defendant's favor the ambiguity presented by the information, facts, and pleas. In so doing, we are bound by *People* v. *Jaramillo, supra,* 16 Cal.3d 752, which expressly precludes conviction of both the burglaries and receiving the property taken in the burglaries.

However, we note that had the pleas been to selling stolen property, and if they were supported by the same factual basis, we might decline to follow *Jackson* to the extent it precluded a conviction for both stealing and selling the same property. We believe *Tabarez* may set forth the better rule in this regard. To this end the language of a plea, or, if trial is by jury, the instructions, argument and verdict forms should provide a clear record indicating a conviction for a violation of section 496 is for selling stolen property.

## DISPOSITION

The judgment in case No. 26080 is reversed as to counts II, VI and VIII; in all other respects the judgment is affirmed. The judgment in case Nos. 25811 and 25817 is affirmed.

Martin, Acting P. J., and Brown (G. A.), J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.