[No. D018564. Fourth Dist., Div. One. Feb. 25, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT BERNAL, Defendant and Appellant.

## COUNSEL

Tracy L. Emblem, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle B. Davis and Nancy L. Palmieri, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TODD, J.**—Robert Bernal appeals the judgment on his conviction of residential burglary and petty theft with a prior conviction (Pen. Code, §§ 459, 666).

At approximately 11 a.m. on December 29, 1991, Bernal entered his mother's home in Spring Valley, went into a bedroom and stole a car stereo. His sister and mother caught him committing the crime. Bernal left on a bicycle. After the jury returned guilty verdicts of burglary and petty theft, in a bifurcated hearing it found Bernal had served three prior prison terms and had been convicted of a prior serious felony. (Pen. Code, §§ 667.5, subd. (b); 667, subd. (a).) ■ Bernal contends the prior serious felony conviction is void because he was not advised a possible consequence of his guilty plea was future use to enhance punishment and the court erred in entering judgment for both burglary and petty theft.

### I

When entering a guilty plea, the defendant must be advised of the direct consequences of the conviction. (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 604 [119 Cal.Rptr. 302, 531 P.2d 1086].) However, possible future use of a current conviction is not a direct consequence of the conviction. (*People* v. *Crosby* (1992) 3 Cal.App.4th 1352, 1356 [5 Cal.Rptr.2d 159]; see also *People* v. *Lewis* (1987) 191 Cal.App.3d 1288, 1301 [237 Cal.Rptr. 64]; *Hartman* v. *Municipal Court* (1973) 35 Cal.App.3d 891, 893 [111 Cal.Rptr. 126].)

A defendant need not be advised of the possible future use of a conviction in the event the defendant commits a later crime.

### II

■ Bernal also contends the trial court erred in entering convictions of both burglary and petty theft. In *People* v. *Stewart* (1986) 185 Cal.App.3d 197 [229 Cal.Rptr. 445], the defendant made an analogous argument complaining of convictions of both burglary and receiving stolen property. The People conceded and the reviewing court reluctantly agreed. In a footnote, the court discussed the problem at length: "This rule has been applied in burglary and receiving stolen property cases even though theft of property is not an element of the crime of burglary [citation], and proof that the property was stolen by someone other than defendant is not an element of the crime of receiving stolen property [citations]. Were we to write upon a clean slate

we might consider a different approach. Under Penal Code section 654 a course of conduct undertaken with a single intent and objective that violates more than one statute may be punished only once. [Citation.] Although a defendant may be convicted of both violations, punishment for one must be stayed. [Citation.] This principle has been applied in instances where the defendant has committed both burglary and robbery, and where he has committed burglary and grand theft. [Citations.] It would seem to follow that where a defendant has committed burglary, and has also committed acts which fulfill all of the elements necessary for a conviction under Penal Code section 496, it would be permissible to convict him of both violations but to stay the punishment for one offense. Nevertheless, a long and unbroken line of authority holds that a thief cannot be convicted of receiving the property he stole. The Supreme Court endorsed this precept in *People v. Jaramillo,* [1976] 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706], and rejected a contention that a stay of punishment is the appropriate remedy. (*Id.* at p. 757.) Although the *Jaramillo* opinion did not deal with the crime of burglary and only asserted that a person cannot be convicted 'of stealing and of receiving the same property,' the Courts of Appeal have extended its rationale to preclude conviction for both burglary and receiving stolen property where the burglarious intent is to steal the property which is the subject of the receiving charge and the burglar in fact steals the property in the course of burglary. [Citations.] Under principles of stare decisis we will not reconsider these decisions at this late date. [Citation.]" (*People v. Stewart, supra,* 185 Cal.App.3d at p. 203, fn. 2.)

Neither party here has referred us to direct authority on the issue of convictions of both burglary and theft occurring during the burglary. This court has permitted multiple convictions for these two crimes so long as there is not multiple punishment. (See *In re Maurice H.* (1980) 107 Cal.App.3d 305 [166 Cal.Rptr. 213]; see also *People v. Lee* (1980) 110 Cal.App.3d 774 [168 Cal.Rptr. 231] [rape and burglary].) Logically, this appears to be the correct approach since a burglary can be committed without committing a theft. Theft is not a lesser included offense of burglary. We could follow the line of authorities referred to in *Stewart, supra,* 185 Cal.App.3d 197 holding a defendant may not be convicted of both burglary and receiving stolen property obtained during the burglary. However, we feel the more sound analysis is to permit conviction of both crimes and apply Penal Code section 654 to avoid multiple punishment. We have been directed to no authority precluding us from taking this approach.

The trial court did not err in entering a judgment of conviction of both burglary and petty theft occurring during the burglary and then staying punishment for petty theft pursuant to Penal Code section 654.

Judgment affirmed.

Work, Acting P. J., and Benke, J., concurred.

A petition for a rehearing was denied March 16, 1994, and March 25, 1994, and appellant's petition for review by the Supreme Court was denied May 11, 1994.