77 Cal.Rptr.2d 639 (1998)
66 Cal.App.4th 109
The PEOPLE, Plaintiff and Respondent,
v.
Buddy CARR, Defendant and Appellant.
Nos. C025717, C027291.
Court of Appeal, Third District.
August 20, 1998.
Roberta Simon, under appointment by the Court of Appeal, Oakland, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Senior Assistant Attorney General, W. Scott Thorpe and
Wayne K. Strumpfer, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
SIMS, Associate Justice.
Here we hold that defendant Buddy Carr was properly convicted of both burglary and receiving property he stole in the burglary. In reaching this conclusion, we disavow contrary holdings of this court in People v. DeRouen (1995) 38 Cal.App.4th 86, 44 Cal. Rptr.2d 842 and People v. Stewart (1986) 185 Cal.App.3d 197, 229 Cal.Rptr. 445.
A jury convicted defendant of second degree burglary (Pen.Code, § 459; undesignated section references are to this code; count 1) and receiving stolen property (§ 496; count 2) and found that he had 12 prior convictions (nine counts of first degree burglary and three counts of attempted first degree burglary, all in 1982 within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12)).
After determining that only the nine counts of first degree burglary constituted strikes, the court sentenced defendant to state prison for twenty-five years to life on count 1 and stayed sentence on count 2 pursuant to section 654. Defendant timely appealed.
On its own motion, the court recalled the sentence and commitment and resentenced defendant (§ 1170, subd. (d)). After striking all but one strike prior pursuant to section 1385 and People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628, the court imposed a state prison term of six years on count 1 (upper term of three years doubled for the strike prior) and a concurrent term of six years on count 2 which was stayed pursuant to section 654. Defendant again timely appealed.[1]
Defendant contends (1) the trial court failed to instruct the jury that he could not be convicted of both burglary and receiving stolen property, (2) he was denied the effective assistance of counsel in that trial counsel failed to move to bifurcate the prior convictions, and (3) the reasonable doubt instruction *640 (CALJIC No. 2.90) given to the jury is constitutionally inadequate.
In the published portion of the opinion, we reject defendant's first contention of error. In an unpublished portion of the opinion, we reject defendant's remaining contentions. We shall therefore affirm the judgment.

FACTS
About 11:30 p.m. on March 2, 1996, Donald Schmidt backed his delivery truck up to the unloading dock of Top's Store in Weaverville. He was delivering grocery commodities for United Grocers. He got out of the truck cab and locked the doors but left a wing window cracked open. As he started to unload the truck, he saw defendant rummaging through the dumpsters located behind the store. Defendant had a little dog.
About 1 a.m., after finishing unloading the truck and taking care of the paperwork, Schmidt returned to the truck cab and found the door unlocked. Missing items from inside the cab included a cooler containing sandwiches and sodas, a tool bag, and small personal items including an unopened pack of Camel Light cigarettes.
Schmidt told the store manager to call the sheriffs department. Schmidt grabbed a tire thumper and walked behind the stores in the mini-mall for about a quarter mile. He heard a "yip" and saw defendant with the little dog. Schmidt asked defendant to return his property. Defendant initially denied having Schmidt's property. After Schmidt demanded that defendant "get [his] ... ass out here," defendant brought out Schmidt's property. Schmidt picked up his property and informed defendant that the sheriff was on his way. Schmidt headed back to his truck. He recovered all his property except for his cigarettes.
About 1:45 a.m., Deputy Sheriff Royce Grossman arrived at the store and found Schmidt heading back to his truck with his property. After a brief conversation, the deputy began to search for defendant. The deputy found defendant near an office. Defendant was carrying a backpack and had a little dog. With the assistance of another deputy, defendant was handcuffed. In a showup, Schmidt positively identified defendant as the man who had his property.
During the booking process, defendant asked Deputy Sheriff Loren Ellefson, "Does getting into a diesel constitute burglary?" After defendant was booked, he told Deputy Grossman that he reached through a wing window, opened the door and stole the items from the cab. Defendant's property when booked included an unopened pack of Camel Lights.
Defendant presented no evidence and did not testify.

DISCUSSION

I
Defendant contends the trial court erred in refusing the defense's requested instruction (CALJIC No. 17.03) to the effect that the crimes charged in count one (burglary) and count two (receiving stolen property) were alternative charges and defendant could not be convicted of both charges. (See People v. Black (1990) 222 Cal.App.3d 523, 271 Cal. Rptr. 771.)
In People v. Jaramillo (1976) 16 Cal.3d 752, 129 Cal.Rptr. 306, 548 P.2d 706, our Supreme Court held that a defendant could not be convicted of both vehicle theft and receiving the stolen vehicle. (P. 760, 129 Cal.Rptr. 306, 548 P.2d 706.) Jaramillo applied "a fundamental principle that one may not be convicted of stealing and of receiving the same property. [Citations.]"[2] (Id. at p. 757, 129 Cal.Rptr. 306, 548 P.2d 706, italics added.)
Jaramillo does not discuss whether a defendant can be convicted of both burglary and receiving property stolen in the burglary. However, we addressed that question in People v. Stewart, supra, 185 Cal.App.3d 197, 229 Cal.Rptr. 445. Quoting from People v. Perez (1974) 40 Cal.App.3d 795 at page 800, 115 Cal.Rptr. 405, we held: "'Where the information charged burglary in one count and receiving stolen property in another count, there can be no lawful adjudication of guilt of the latter crime where the evidence *641 shows that the property "received" was some or all of the identical property taken and asported in the burglary.'" (People v. Stewart, supra, 185 Cal.App.3d at p. 203, 229 Cal.Rptr. 445.)
We reached this conclusion grudgingly. Thus, we emphasized that the People had conceded the point. (People v. Stewart, supra, 185 Cal.App.3d at p. 203, 229 Cal.Rptr. 445.) Moreover, in a significant footnote, we said we might reach a different result were we to "write on a clean slate:" (Id. at p. 203, fn. 2, 229 Cal.Rptr. 445.) "This rule has been applied in burglary and receiving stolen property cases even though theft of property is not an dement of the crime of burglary (People v. Tatem (1976) 62 Cal.App.3d 655, 658, 133 Cal.Rptr. 265), and proof that the property was stolen by someone other than defendant is not an element of the crime of receiving stolen property (People v. Williams (1967) 253 Cal.App.2d 952, 958, 61 Cal.Rptr. 238). (See, e.g., People v. Lawrence (1980) 111 Cal.App.3d 630, 169 Cal.Rptr. 245; People v. Perez, supra, 40 Cal.App.3d at p. 800, 115 Cal.Rptr. 405; People v. Lohman (1970) 6 Cal.App.3d 760, 767-768, 86 Cal.Rptr. 221.) Were we to write upon a clean slate we might consider a different approach. Under Penal Code section 654 a course of conduct undertaken with a single intent and objective that violates more than one statute may be punished only once. (People v. Beamon (1973) 8 Cal.3d 625, 637 [105 Cal.Rptr. 681, 504 P.2d 905].) Although a defendant may be convicted of both violations, punishment for one must be stayed. (Id. at p. 640, 105 Cal.Rptr. 681, 504 P.2d 905.) This principle has been applied in instances where the defendant has committed both burglary and robbery, and where he has committed burglary and grand theft. (See, e.g., People v. Lee (1980) 110 Cal.App.3d 774, 785, 168 Cal. Rptr. 231; In re Maurice H. (1980) 107 Cal.App.3d 305, 312, 166 Cal.Rptr. 213.) It would seem to follow that where a defendant has committed burglary, and has also committed acts which fulfill all of the elements necessary for a conviction under Penal Code section 496, it would be permissible to convict him of both violations but to stay the punishment for one offense. Nevertheless, a long and unbroken line of authority holds that a thief cannot be convicted of receiving the property he stole...." (People v. Stewart, supra, 185 Cal.App.3d at p. 203, fn. 2, 229 Cal.Rptr. 445.)
In People v. DeRouen, supra, 38 Cal. App.4th at page 93, 44 Cal.Rptr.2d 842, we summarily followed Stewart on the ground that "`[u]nder principles of stare decisis we will not reconsider these decisions at this late date.'" (Quoting People v. Stewart, supra, 185 Cal.App.3d at p. 203, fn. 2, 229 Cal.Rptr. 445.)
Our rationale for refusing to reconsider the rule at issuethat an unbroken line of decisions of the court of appeal governs the questionis no longer viable, because other districts of the court of appeal have now spoken to the issue on the merits and have rejected our holding in Stewart In short, our hand has been forced.
The first of these newer court of appeal decisions was People v. Bernal (1994) 22 Cal.App.4th 1455, 27 Cal.Rptr.2d 839, decided by Division One of the Fourth District. There, the issue was whether the defendant could be convicted of burglary and of petty theft of items taken in the burglary. The court concluded dual conviction was lawful (although the sentence on the petty theft was properly stayed pursuant to section 654). (Id. at p. 1458, 27 Cal.Rptr.2d 839.)
After quoting our footnote in Stewart at length, the court found no bar to dual conviction because a burglary can be committed without committing a theft and theft is not a lesser included offense within burglary. (People v. Bernal, supra, 22 Cal.App.4th at p. 1458, 27 Cal.Rptr.2d 839.)
More recently, in People v. Landis (1996) 51 Cal.App.4th 1247, 59 Cal.Rptr.2d 641, Division Four of the Second District squarely held that a defendant could be convicted of burglary and of receiving property that he had stolen in the burglary. (Id. at p. 1255, 59 Cal.Rptr.2d 641.) The court reasoned: "In our view, it is plainly inconsistent to permit dual convictions for burglary and theft but bar dual convictions for burglary and receiving stolen goods. The Jaramillo reasoning appears to be inapplicable to dual convictions for burglary and receiving stolen goods because burglary, unlike violation of Vehicle Code section 10851, does not require the dispossession (by taking or driving) of *642 property. (See People v. Totem (1976) 62 Cal.App.3d 655, 658 [133 Cal.Rptr. 265] [burglary may be committed without committing theft]; People v. Barrick (1982) 33 Cal.3d 115, 134 [187 Cal.Rptr. 716, 654 P.2d 1243] [section 10851 is part of a statutory scheme dealing with the taking of an automobile without the owner's consent].) Accordingly, we find the reasoning in Bernal and in the Stewart footnote persuasive, and we decline to follow the authority cited by appellant." (People v. Landis, supra, 51 Cal.App.4th at p. 1255, 59 Cal.Rptr.2d 641.)
We conclude that Bernal and Landis are correctly decided and that the analysis set out in our footnote in Stewart should govern the issue. The rule in Jaramillo says a defendant may not be "convicted" of stealing and receiving the same property.[3] (People v. Jaramillo, supra, 16 Cal.3d at p. 757, 129 Cal.Rptr. 306, 548 P.2d 706.) A defendant who is convicted of burglary is not convicted of stealing any property at all. Jaramillo's prohibition on dual conviction is thus inapplicable. We therefore hold that a defendant may lawfully be convicted of burglary and of receiving property that he stole during the burglary. We disavow our holdings in Stewart and DeRouen insofar as they reach a contrary conclusion.
Since defendant could lawfully be convicted of both burglary and receiving stolen property, the trial court did not err in refusing defendant's requested jury instruction, which would have told the jury that burglary and receiving stolen property were alternative charges.

II-III[**]

DISPOSITION
The judgment is affirmed.
PUGLIA, P.J., and CALLAHAN, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III of the Discussion.
[1] Defendant's first appeal in case No. C025717 and his appeal after resentencing on recall of the sentence and commitment in case No. C027291 were consolidated.
[2] This rule has since been codified in section 496, subdivision (a), which now provides in relevant part: "[N]o person may be convicted both pursuant to this section and of the theft of the same property." (See Stats.1992, ch. 1146, § 1, p. 5374.)
[3] As we have mentioned (fn.2, ante), according to section 496 a defendant may not be convicted of violating section 496 "and of the theft of the same property." As we have noted, a defendant who is convicted of burglary is not convicted of theft. (People v. Tatem (1976) 62 Cal.App.3d 655, 658, 133 Cal.Rptr. 265.)
[**] See footnote *, ante.