[No. F029755. Fifth Dist. Aug. 25, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE MANUEL MORENO, Defendant and Appellant.

[No. F029901. Fifth Dist. Aug. 25, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LUIS CUEVAS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

## Counsel

R. Bruce Finch, under appointment by the Court of Appeal, for Defendant and Appellant Jose Manuel Moreno.

Gordon S. Brownell, under appointment by the Court of Appeal, for Defendant and Appellant Jose Luis Cuevas.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Louis M. Vasquez and Christine Levin, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**THAXTER, Acting P. J.**—After a bench trial, the court convicted appellants, Jose Manuel Moreno and Jose Luis Cuevas, of one count of burglary (count 3, Pen. Code, § 459) and three counts of receiving stolen property (counts 2, 4, & 6, Pen. Code, § 496). On appeal, Moreno contends the evidence is insufficient to sustain his receiving stolen property conviction in count 2. Cuevas contends that the court improperly convicted him in count 4 of receiving stolen property. In the unpublished portion of this opinion, we reject Moreno's sufficiency of the evidence claim. In the published portion, we reject Cuevas's claim.

### Facts

The evidence at trial established that on July 8, 1997, someone burglarized Rocio Rojas's home in Arvin.

On July 22, 1997, someone burglarized Nancy Garcia's house and Steve Rodriguez's house in Arvin. Later that day Arvin Police Officer Daniel Andre went to the trailer where Cuevas lived. After obtaining Cuevas's consent to search the trailer, Officer Andre entered and found Moreno, Eduardo P. and Cuevas's wife, Natividad, inside. On a couch, he found several items that had been stolen during the Garcia and Rodriguez burglaries, including two televisions and a VCR.

In a bedroom, Officer Andre found other stolen items, including two gold chains, which were found in Moreno's wallet, and three cowboy hats.[1] Cuevas, Moreno and Eduardo had been staying in the room where the hats were found. Officer Andre also confiscated a pair of sandals belonging to Moreno. One sandal matched a shoe print found outside a window at the Rodriguez residence.

During a postarrest interview, Moreno stated that he and Eduardo were riding with Cuevas in Cuevas's van when a man named "Mario" flagged them down and asked them to help him move some things from his sister's house. After going to a house on Meyer Street,[2] Mario entered the house through a window because he did not have a key. Moreno denied knowing anything about the Garcia burglary.

At trial, Moreno testified that Mario offered to pay him, Cuevas and Eduardo $50 each to help him move some things. At the Meyer Street house, Mario passed things to them through the window. The four of them went to another house where two televisions, a stereo, and various CD's lay on the ground in the yard. Mario loaded these items into the van by himself. Mario later asked if he could keep the items at Cuevas's trailer. He then told Moreno and the others that he needed money and asked if they wanted to buy any of the property. Moreno bought the hats, a belt buckle, a VCR and the CD's for $200. Moreno had been staying at Cuevas's trailer for three months.

## DISCUSSION

### I. *The Sufficiency of the Evidence Claim\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II. *Cuevas's Convictions on Counts 3 and 4*

■ Cuevas's burglary conviction in count 3 was based on the burglary of the Rodriguez residence on July 22, 1997. His conviction for receiving stolen property in count 4 was based on his possession of property taken during that burglary. Cuevas relies on our decision in *People* v. *Vallejo* (1990) 221 Cal.App.3d 746 [270 Cal.Rptr. 582] to contend that he could not be convicted of receiving the same property he took in the burglary underlying count 3. We will reject this contention.

---

[1] Later that day Rojas's uncle, Felimon Hernandez, went to the police station and identified one of these hats and other items unidentified in the record as his.

[2] The Rodriguez house is on Meyer Street.

\*See footnote, *ante*, page 618.

In *People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706], our Supreme Court held that a defendant could not be convicted of both vehicle theft and receiving the stolen vehicle. (*Id.* at p. 760.) In reaching this conclusion *Jaramillo* applied "a fundamental principle that one may not be convicted of stealing and of receiving the same property. [Citations.]" (*Id.* at p. 757.) *Jaramillo*, however, did not discuss whether a defendant could be convicted of both burglary and receiving property taken during the burglary.

In *People* v. *Vallejo, supra,* 221 Cal.App.3d at page 751, this court found that a defendant could not properly be convicted on three counts of burglary and three counts of receiving stolen property based on the defendant's possession of property taken during the burglaries. In so finding, this court felt bound by *Jaramillo*, which we erroneously interpreted as expressly precluding conviction of both the burglaries and receiving the property taken in the burglaries.

In *People* v. *Bernal* (1994) 22 Cal.App.4th 1455 [27 Cal.Rptr.2d 839], the Third District held that a defendant's conviction for burglary did not preclude his conviction for petty theft of items taken during the burglary. The *Bernal* court concluded that because burglary can be committed without committing a theft and theft is not a lesser included offense of burglary ". . . the more sound analysis is to permit conviction of both crimes and apply Penal Code section 654 to avoid multiple punishment." (*Id.* at p. 1458.)

In *People* v. *Landis* (1996) 51 Cal.App.4th 1247 [59 Cal.Rptr.2d 641], Division Four of the Second District held that a defendant can be convicted of burglary and receiving property taken during the burglary. The court reasoned: "In our view, it is plainly inconsistent to permit dual convictions for burglary and theft but bar dual convictions for burglary and receiving stolen goods. The *Jaramillo* reasoning appears to be inapplicable to dual convictions for burglary and receiving stolen goods because burglary, unlike violation of Vehicle Code section 10851, does not require the dispossession (by taking or driving) of property. (See *People* v. *Tatem* (1976) 62 Cal.App.3d 655, 658 [133 Cal.Rptr. 265] [burglary may be committed without committing theft]; *People* v. *Barrick* (1982) 33 Cal.3d 115, 134 [187 Cal.Rptr. 716, 654 P.2d 1243] [section 10851 is part of a statutory scheme dealing with the taking of an automobile without the owner's consent].) Accordingly, we find the reasoning in *Bernal* . . . persuasive, and we decline to follow the authority cited by appellant." (*Id.* at p. 1255.)

In *People* v. *Carr* (1998) 66 Cal.App.4th 109 [77 Cal.Rptr.2d 639], the Third District relied on *Landis* to hold that a defendant can be convicted of burglary and of receiving property taken during the burglary. *Carr* distinguished *Jaramillo* as follows: "The rule in *Jaramillo* says a defendant may

not be '*convicted*' of stealing and receiving the same property. [Citation.] A defendant who is convicted of burglary is not convicted of stealing any property at all. *Jaramillo*'s prohibition on dual conviction is thus inapplicable. We therefore hold that a defendant may lawfully be convicted of burglary and of receiving property that he stole during the burglary." (*People v. Carr, supra*, 66 Cal.App.4th at p. 114, original italics, fn. omitted.)

We find the reasoning of *Bernal, Landis* and *Carr* persuasive and, thus, decline to follow our decision in *Vallejo*. Accordingly, we reject Cuevas's contention that the court improperly convicted him of receiving stolen property as alleged in count 4.

## DISPOSITION

The judgments are affirmed.

Harris, J., and Levy, J., concurred.

The petition of appellant Jose Luis Cuevas for review by the Supreme Court was denied November 23, 1999.