[No. G040133. Fourth Dist., Div. Three. Apr. 28, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
SALVADOR MAGALLANES, Defendant and Appellant.

**Counsel**

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Steve Oetting and Theodore M. Cropley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FYBEL, J.—**

### INTRODUCTION

Defendant Salvador Magallanes appeals from a judgment of conviction of carjacking and receipt of stolen property. Defendant argues the trial court erred in failing to grant his motion for a judgment of acquittal. We conclude, to the contrary, there was sufficient evidence defendant committed the carjacking by use of force or fear, and we affirm the conviction for carjacking.

Defendant also argues he was improperly convicted of both carjacking and receipt of stolen property because the stolen property was the same car taken during the carjacking. We agree. Based on the language of the applicable statutes, the essence of the crime of carjacking, like that of theft and robbery, is the taking of the personal property of another. Penal Code section 496, subdivision (a) prohibits a conviction for both theft and receipt of the same stolen property. Therefore, we hold defendant could not be convicted of both carjacking and receipt of stolen property when the stolen property is the vehicle taken in the carjacking. Accordingly, we reverse defendant's conviction for receipt of stolen property. We publish this as a case of first impression on the applicability of section 496, subdivision (a) to the crime of carjacking.

Finally, defendant argues, and the Attorney General concedes, that defendant is entitled to two additional days of presentence custody credits. We direct the trial court to modify the judgment accordingly.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Kelly Waterman left work about 5:40 p.m. on November 10, 2006. She moved her car, a black 1995 four-door Mercedes-Benz S500, from the parking lot to a spot in front of her office building. Waterman left the driver's side door open and the car engine running, and opened the rear passenger side door to put her son in his child car seat. Waterman heard a "revving sound," looked up, and saw defendant in the driver's seat trying to get the car in gear. Waterman was scared, shocked, mad, and worried; she feared for her safety and the safety of her son. Waterman pulled her son back out of the car. She then tried to open the front passenger door, which was locked, and banged on the door while screaming and cursing at defendant. Defendant never turned around or said anything to Waterman. After 10 or 15 seconds,

defendant got the car in gear and drove away. Waterman ran back into her office, hit the panic button on the alarm system, and called the police.

On December 26, 2006, Santa Ana Police Officer Brandon Sontag encountered defendant in a motel parking lot about 2:43 a.m. Defendant gave Officer Sontag permission to search him; Officer Sontag found a Mercedes-Benz car key in defendant's right front pocket. The key belonged to a black 1995 four-door Mercedes-Benz S500, which had paper license plates and was parked four parking spaces from where Officer Sontag encountered defendant. Officer Sontag ran the vehicle identification number on the Mercedes, and learned it belonged to Waterman and her husband.

Defendant was charged in an information with carjacking (Pen. Code, § 215, subd. (a)) and receiving stolen property (*id.*, § 496, subd. (a)). Defendant was convicted of both counts. The trial court sentenced defendant to the midterm of five years in prison for the carjacking count, and stayed the sentence on the receipt of stolen property count, pursuant to Penal Code section 654. Defendant received 518 days of presentence custody credits. Defendant timely appealed.

DISCUSSION

I.

*THE TRIAL COURT DID NOT ERR BY DENYING DEFENDANT'S MOTION FOR*
*JUDGMENT OF ACQUITTAL UNDER PENAL CODE SECTION 1118.1, BASED*
*ON THE SUFFICIENCY OF THE EVIDENCE OF CARJACKING.*

After the prosecution's case-in-chief and before presenting his case, defendant moved for a judgment of acquittal under Penal Code section 1118.1. The trial court denied the motion.

"In ruling on a motion for judgment of acquittal pursuant to [Penal Code] section 1118.1, a trial court applies the same standard an appellate court applies in reviewing the sufficiency of the evidence to support a conviction, that is, ' "whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged." [Citations.]' [Citation.]" (*People v. Cole* (2004) 33 Cal.4th 1158, 1212–1213 [17 Cal.Rptr.3d 532, 95 P.3d 811].) "We review independently a trial court's ruling under section 1118.1 that the evidence is sufficient to support a conviction. [Citations.] We also determine independently whether the evidence is sufficient under the federal and state constitutional due process clauses." (*Id.* at p. 1213.)

■ A conviction for carjacking requires proof that (1) the defendant took a vehicle that was not his or hers (2) from the immediate presence of a person who possessed the vehicle or was a passenger in the vehicle (3) against that person's will (4) by using force or fear and (5) with the intent of temporarily or permanently depriving the person of possession of the vehicle. (Pen. Code, § 215, subd. (a); *People v. Hill* (2000) 23 Cal.4th 853, 858–859 [98 Cal.Rptr.2d 254, 3 P.3d 898].) Defendant argues he could not be convicted of carjacking because he did not accomplish the taking of Waterman's vehicle through the use of force or fear. Having independently reviewed the record, we conclude substantial evidence supported this element of the crime.

No express threat is necessary to establish the victim's fear. (*People v. Flynn* (2000) 77 Cal.App.4th 766, 771–773 [91 Cal.Rptr.2d 902] [the defendant's brazen behavior, rather than verbal threats, created fear; victim's perceptions of circumstances were reasonable]; *People v. Davison* (1995) 32 Cal.App.4th 206, 216–217 [38 Cal.Rptr.2d 438] [victim, approached by the defendant at night, stepped away from ATM out of fear; that victim yelled obscenities at the defendant and chased after him permits inference she had emotions in addition to fear, but does not disprove her fear].) A victim's attempts at resistance do not disprove force or fear was used in the commission of the crime. (*People v. Hamilton* (1995) 40 Cal.App.4th 1137, 1144–1145 & fn. 8 [47 Cal.Rptr.2d 343] [two convictions for carjacking affirmed, although victim tried to resist the defendant and did "not seem to have been particularly afraid"].) Indeed, the victim need not be consciously aware that the defendant is using force or fear to take possession of the vehicle for a conviction under Penal Code section 215 to stand. (*People v. Hill, supra,* 23 Cal.4th at pp. 860–861 [infant may be victim of carjacking].)

Here, Waterman and her young son were alone in the evening. As Waterman leaned into the backseat of her car to put her son into his child car seat, defendant got into the driver's seat and attempted to drive away. Waterman testified she feared for her safety and pulled her son out of the car. Waterman also testified she backed away to avoid defendant running over her and her son once defendant finally got the car in gear. Defendant did not need to directly engage or threaten Waterman in order to accomplish the carjacking through fear. Defendant's action of attempting to drive away in the car as Waterman was placing her son in his car seat, while she and her son were alone in a relatively deserted area after dark, was sufficient. By yelling at defendant and banging on the locked door of the car, Waterman was expressing emotions in addition to fear, including anger; Waterman's anger does not negate her fear, however. The evidence that the carjacking was accomplished by the use of fear was sufficient to support defendant's conviction; the trial court did not err in denying defendant's motion for judgment of acquittal.

## II.

*DEFENDANT MAY NOT BE CONVICTED OF CARJACKING AND OF RECEIPT OF STOLEN PROPERTY.*

■  Defendant also contends he could not be convicted of both carjacking and receiving stolen property, when the stolen property was the same car involved in the carjacking. Penal Code section 496, subdivision (a) penalizes receipt of stolen property: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year." The statute also provides, however, that "no person may be convicted both pursuant to this section and of the theft of the same property." (Pen. Code, § 496, subd. (a).) The evidence at trial was undisputed that the charges against defendant for carjacking and receipt of stolen property involved the same vehicle. The question we must address is whether carjacking is "theft" as that term is used in section 496.

■  The question is answered by the language of the relevant statutes. Theft, robbery, and carjacking are, at root, crimes involving the *taking* of personal property. Penal Code section 484, subdivision (a), defines theft as, among other things, the "felonious[] steal[ing], tak[ing], carry[ing], lead[ing], or driv[ing] away the personal property of another." Penal Code section 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Penal Code section 215, subdivision (a), defines carjacking as the "felonious taking of a motor vehicle," which is unquestionably personal property. (*People v. Ortega* (1998) 19 Cal.4th 686, 708 [80 Cal.Rptr.2d 489, 968 P.2d 48] (conc. & dis. opn. of Chin, J.) [a vehicle is a particular kind of personal property].) Absent a felonious taking of property, the crimes of theft, robbery, and carjacking do not occur.

The cases addressing dual convictions for burglary and receipt of stolen property provide further support for our conclusion. A defendant may be convicted of both burglary and receipt of property stolen in the process of committing the burglary because a conviction for burglary is not a conviction for stealing or taking property. (*People v. Allen* (1999) 21 Cal.4th 846, 862–863 [89 Cal.Rptr.2d 279, 984 P.2d 486]; *People v. Moreno* (1999) 74 Cal.App.4th 618, 621–622 [88 Cal.Rptr.2d 228]; *People v. Carr* (1998) 66 Cal.App.4th 109, 114 [77 Cal.Rptr.2d 639].) A burglary is committed when

the defendant enters one of the premises specified in the statute with the intent to steal something or commit any felony (Pen. Code, § 459); the crime of burglary can be committed without an actual taking, as opposed to the crimes of theft, robbery, and carjacking.

We therefore conclude that, under Penal Code section 496, subdivision (a), defendant could not be convicted both for carjacking and for receiving the car stolen in the carjacking. The Attorney General's arguments fail to take into account that carjacking, like theft and robbery, and unlike burglary, is a crime centered on the felonious taking of property.

■ Instead, the Attorney General focuses on whether defendant had an intent to permanently, rather than temporarily, deprive the victim of possession at the time of the taking. The Attorney General is correct in noting that theft requires the intent to permanently deprive the property owner of possession of the property taken, while carjacking requires the intent to permanently *or temporarily* deprive the victim of possession of the vehicle. However, the length of time a defendant intends to deprive a property owner of possession does not affect whether there has, in the first instance, been a felonious taking of the property.

The Attorney General also contends carjacking is not a theft offense because carjacking requires two elements not required for theft: that the car be taken from the possession or immediate presence of another person, and that the taking be accomplished by means of force or fear. (*People v. Ortega, supra,* 19 Cal.4th at p. 693 [holding theft is not a necessarily included offense of carjacking].) These two elements, however, are also required elements of the crime of robbery. Robbery is "larceny aggravated by the use of force or fear to accomplish the taking of property from the person or presence of the possessor." (*People v. Butler* (1967) 65 Cal.2d 569, 572–573 [55 Cal.Rptr. 511, 421 P.2d 703].) In *People v. Stephens* (1990) 218 Cal.App.3d 575, 586 [267 Cal.Rptr. 66], the appellate court concluded the defendant could not be convicted of first degree robbery and of receipt of the property stolen during that robbery. Therefore, that carjacking requires elements not required for theft is not dispositive.

■ Based on our analysis of Penal Code sections 484, subdivision (a), 211, and 215, subdivision (a), we conclude that, under Penal Code section 496, subdivision (a), a defendant cannot be convicted of both carjacking and receipt of stolen property, when the property in question is the vehicle taken during the carjacking. Defendant's conviction for receipt of stolen property is therefore reversed. (*People v. Stephens, supra,* 218 Cal.App.3d at p. 587.)

## III.

### DEFENDANT'S PRESENTENCE CUSTODY CREDITS SHOULD BE INCREASED.

Defendant argues his presentence custody credits should be increased to give him actual credit for the day of his arrest and the day of his sentencing. The Attorney General agrees. Defendant is entitled to 452 days of credit for actual time served, and to 68 days of good time/worktime credits. We direct the trial court to correct the abstract of judgment to reflect the correct number of days of presentence custody credits to which defendant is entitled.

### DISPOSITION

We reverse defendant's conviction for receipt of stolen property. In addition, we direct the trial court to modify the judgment to credit defendant with 520 days of presentence custody credits, prepare an amended abstract of judgment, and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, we affirm the judgment.

Moore, Acting P. J., and Aronson, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 8, 2009, S173475.