[No. D011295. Fourth Dist., Div. One. May 3, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
LEONARDO VASQUEZ DIAZ et al., Defendants and Appellants.

COUNSEL

Elizabeth N. Brancart, Christopher Brancart and Carl M. Lewis, under appointments by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Frederick R. Millar, Jr., and Janelle B. Davis, Deputy Attorneys General for Plaintiff and Respondent.

OPINION

KREMER, P. J.—Jose Luis Torres appeals his conviction of three counts of robbery (Pen. Code,[1] § 211), one with knife use (§ 12022, subd. (d)). He contends the trial court erred in failing to sever his trial from that of a codefendant, Leonardo Vasquez Diaz. Vasquez Diaz also appeals his conviction of three counts of robbery. He contends the abstract of judgment erroneously refers to a $5,000 restitution fine.

Viewing the record in the light most favorable to the judgment below, as we must (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]), the following occurred. At approximately 8 p.m. on March 18, 1989, Andrawas Maroki was working at his A & S Market in Vista. A tall man later identified as Torres and a short man later identified as Vasquez Diaz entered the market. The short man had his hand under his jacket as if he were carrying a gun. He demanded money. The tall man grabbed Maroki and also demanded money. The two intruders took about $1,600 in cash.

At 9 p.m. on March 27, a tall man and a short man later identified as Vasquez Diaz entered Barno's liquor store in Vista. The owner, Admoon Shunia, was present when two men entered the store. The short man stood near the door and appeared to have a gun under his coat. The tall man took about $1,600. A customer saw men fleeing the store, gave chase and obtained the license number of their car.

At 8 p.m. on April 6, two men, one tall and one short, entered Medal Q liquor store in San Marcos. The owners, Peter and Ann Vuong, were present. The taller man approached the cash register. The shorter one stood by the door holding his hand inside his jacket and told Peter to lie down or he

---

[1] All statutory references are to the Penal Code unless otherwise specified.

would shoot him. The robbery was videotaped. The thieves took about $1,000.

At approximately 8:20 p.m. on April 14, Torres and Vasquez Diaz returned to A & S Market. Holding a knife, Torres demanded money. Again, Vasquez Diaz appeared to be holding a gun under his jacket and demanded money. They took between $300 and $350.

At approximately 8:40 p.m. on April 14, Deputy Sheriff Kelly Casas was on patrol when she heard a bulletin of the most recent robbery at A & S market. She stopped a car with the license number obtained by the customer after the Barno's robbery. Vasquez Diaz was driving. Torres was a passenger. Following his arrest and waiver of his *Miranda* rights (see *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]), Vasquez Diaz told Deputy Sheriff Joseph Ramos he and another man robbed A & S market earlier that evening. He said he held a ratchet under his jacket.

The trial court denied Torres's motion to sever after it considered an edited version of Vasquez Diaz's statement to Deputy Ramos.

### DISCUSSION

### I

■ Relying on *Bruton* v. *United States* (1968) 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620] (hereinafter *Bruton*) and *People* v. *Aranda* (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265] (hereinafter *Aranda*), Torres argues the trial court erred in denying his motion to sever and admitting Vasquez Diaz's statement to Deputy Ramos.

The edited version of the statement was as follows:

"In essence, [Vasquez Diaz] stated he and another person . . . drove to Vista . . . and parked their car on the north end of a parking lot of an [A & S] market. He was the second person to enter. When asked if he was armed, [Vasquez Diaz] said he was holding a silver ratchet tool he obtained from his vehicle. After the money was taken, they left the store. [Vasquez Diaz] admitted he entered the store so he could rob it. [Vasquez Diaz] said he was wearing sunglasses."

In *Bruton*, the Supreme Court held a defendant is deprived of his Sixth Amendment right to confrontation when a confession of a nontestifying codefendant naming the defendant as a participant in the crime is admitted

in a joint trial. In *Aranda*, the California Supreme Court discussed the propriety of a joint trial when one defendant has made an incriminating extrajudicial statement against a codefendant. To avoid infringement of the codefendant's Sixth Amendment right to confront witnesses which would occur if the prosecution offered the extrajudicial statement into evidence and the declarant chose not to testify, the court concluded "practical considerations of convenience must be subordinated when they run counter to the need to insure fair trials and to protect fundamental constitutional rights. . . ." (*Aranda* at p. 530, fn. 9.) The Supreme Court held in the case of such an extrajudicial statement, the trial court has three alternatives: (1) delete all portions of the statement implicating any codefendant; (2) exclude the statement altogether; or (3) order separate trials. (*Id.* at pp. 530-531.) The court stated: "By effective deletions, we mean not only direct and indirect identifications of codefendants but any statements that could be employed against nondeclarant codefendants once their identity is otherwise established." (*Id.* at p. 530.)

The court noted:

"The rules governing the cases in which deletion would be a permissible alternative cannot be set out fully. Use of the procedure would depend on the evidence linking the defendants together before and after the crime and on the actual statements made by the declarant defendant. [¶] In the present case, deletion would have been an effective solution to the joint trial problem. All that [codefendant's] confession added to the case against [defendant] was [defendant's] identity. No evidence linked the two together at any other time relevant to the commission of the robbery. Deleting all references to [defendant] would not have prejudiced [codefendant] and what remained would have prejudiced [defendant] no more than if [codefendant] had in fact said that 'I was one of the persons who robbed the store but I will tell you nothing more.'" (*Aranda* at pp. 530-531, fn. 10.)

Arguing there was no *Bruton/Aranda* error, the prosecution relies in part on *Richardson* v. *Marsh* (1987) 481 U.S. 200 [95 L.Ed.2d 176, 107 S.Ct. 1702] (hereinafter *Richardson*). There, the United States Supreme Court, considering a *Bruton/Aranda* issue, stated:

"We hold that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." (*Richardson, supra*, 481 U.S. at p. 211 [95 L.Ed.2d at p. 188], fn. omitted.)

In reaching its conclusion, the Supreme Court in *Richardson* noted *Bruton* expresses an exception to the "almost invariable assumption of the law

that jurors follow their instructions." (*Richardson* at p. 206 [95 L.Ed.2d at p. 185].) The court explained *Bruton* recognized that assumption was simply not valid in the case of a jury asked at a joint trial to limit the effect of a defendant's confession which expressly incriminated a codefendant. (*Id.* at pp. 207-208 [95 L.Ed.2d at pp. 185-186].) The court stated: "By contrast, in this case the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial. . . ." (*Id.* at p. 208 [95 L.Ed.2d at p. 186], fn. omitted.) The *Richardson* court, however, specifically declined to express an opinion "on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." (*Id.* at p. 211, fn. 5 [95 L.Ed.2d at p. 188].)

The replacement of the defendant's name with a neutral label was discussed by the appellate court in *People* v. *Jacobs* (1987) 195 Cal.App.3d 1636 [241 Cal.Rptr. 550] (hereinafter *Jacobs*). In *Jacobs*, two men entered the victim's home at night. While one man beat the victim, her mother awoke and tried to help the victim but a second man grabbed her. The victim was killed by a shotgun blast. Witnesses saw two men run from the house. One witness who was in his car saw one of the two men clearly in the headlights of his car. The mother identified Jacobs as the man who grabbed her by his voice and feel in a crime re-enactment. While in jail, the codefendant told his cellmates about the crime, including the fact that the other person with him had been the initiating party and had been seen by a man while they were leaving the residence. The codefendant's statements at trial did not refer to Jacobs by name but to "the other guy." (195 Cal.App.3d at p. 1652.)

The *Jacobs* court held the statements by the codefendant to his cellmates included evidence "that 'could be employed against' Jacobs" because the statements corroborated another witness's identification (a contested issue at the trial) and stated Jacobs was the initiating party (his role as the instigator of the armed assault being relevant to the knowledge element of aiding and abetting). (*Jacobs, supra,* 195 Cal.App.3d at p. 1652.)

The *Jacobs* court concluded since parts of the statement could be employed against Jacobs, it "should have been redacted from the evidence presented to the jury, and that failure to do so was error. . . ." (195 Cal.App.3d at p. 1652.) The court, however, found the error in admitting the evidence was harmless given the abundance of identification evidence.

Here the statement, as edited and admitted, was proper under *Bruton/Aranda*. The only part of the statement which provides a link to Torres is that Vasquez Diaz stated he and another person drove a car to the

Vista A & S store. Arguably a link is established in light of other evidence that Torres and Vasquez Diaz were arrested in a car. The mere use of a car in southern California is not a distinctive fact; the linkage was insignificant.

Torres argues the statement was incriminating because the statement "refers to another person explicitly." While true, there was no dispute in the case that the robberies were committed by two men. Torres's defense was not that there were not two people but that he was not one of the two men. The reference to a "second person" in the statement did not either by itself identify Torres nor link Torres as the second person by corroborating other evidence presented at trial.

Torres argues the statement "clearly implicates the second person with whom [Vasquez Diaz] was arrested and he was being tried." Torres was implicated as being the second person in the series of robberies because he was identified by some of the witnesses and he was arrested in a car which had been identified in one of the robberies. It was this evidence which implicated Torres as one of the two men in the robberies; not Vasquez Diaz's statement there was a "second person."

This case, then, is dissimilar to *Jacobs* in that no part of Diaz's statement adds to the case against Torres. Vasquez Diaz's edited statement, instead, is similar to the hypothetical confession anticipated and approved by the California Supreme Court: " 'I was one of the persons who robbed the store but I will tell you nothing more.' " (*People* v. *Aranda, supra*, 63 Cal.2d at p. 531, fn. 10.)

No reversal is required on this ground.

## II

■ Vasquez Diaz contends the abstract of judgment specifies a restitution fine although the trial court failed to refer to it at the sentencing hearing. The prosecution concedes this was error. We recognize we could remand for the trial court to determine an appropriate restitution fine between $100 and $10,000. (Gov. Code, § 13967, subd. (a).) However, as noted in *People* v. *Blankenship* (1989) 213 Cal.App.3d 992, 1000, footnote 10 [262 Cal.Rptr. 141] this is judicially uneconomical. We therefore modify the abstract of judgment to reflect imposition of the minimum $100 restitution fine.

Judgment affirmed as to Torres; judgment affirmed as modified as to Vasquez Diaz.

Todd, J., and Amos, J.,* concurred.

A petition for a rehearing was denied May 30 1991, and appellants' petition for review by the Supreme Court was denied August 14, 1991.

* Assigned by the Chairperson of the Judicial Council.