Filed 12/20/13  P. v. Felix CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE ARMANDO FELIX,<br><br>    Defendant and Appellant. | H039363<br>(Santa Clara County Super. Ct.<br>Nos. C1240115 and C1246127) |

Defendant Jorge Armando Felix appeals the trial court's imposition of concurrent sentences for second degree burglary (Pen. Code, § 459) and petty theft with a prior (Pen. Code, §§ 484, 666, subd  (b)(1)).[1]  He argues that his sentences violate section 654's prohibition against double punishment.  He also argues that the trial court erred by including both offenses in its restitution fund fine calculation under section 1202.4, subdivision (b)(2).  We agree on both points and will modify the judgment accordingly.

## I.  BACKGROUND

On November 8, 2012, defendant was charged with second degree burglary and petty theft with a prior theft conviction in case No. C1240115.  According to the information, the offenses involved defendant entering a Home Depot store on July 1, 2012 with the intent to steal, and stealing merchandise from the store.  The information

---

[1]  All statutory references are to the Penal Code.

also alleged a prior strike conviction and a prior prison term. (§ 667, subds. (b)-(i); § 667.5, subd. (b).)

On January 8, 2013, defendant pleaded no contest to the information and admitted the prior strike. Defendant also entered a no contest plea in case No. C1246127 to misdemeanor petty theft with a prior theft conviction (§§ 484, 666) and giving a false name to a peace officer (§ 148.9). These offenses occurred on August 26, 2012 at a Food Maxx store.

Defendant was sentenced in both cases on February 15, 2013. In case No. C1240115, the court denied defendant's motion to strike his prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530 (trial court has authority under section 1385, subdivision (a) to strike a prior conviction allegation brought under the three strikes law), but did strike the section 667.5 allegation under section 1385, and sentenced defendant to a doubled lower term of 32 months for the second degree burglary count and a concurrent term of 32 months for the petty theft with a prior. The court imposed a $960 restitution fund fine under section 1202.4, subdivision (b)(2), and it imposed and suspended a commensurate $960 parole revocation fine under section 1202.45. Defendant did not object in the trial court to the concurrent sentences or fines.

In case No. C1246127, the court imposed a 30-day county jail sentence concurrent to C1240115, with credit for time served.

Defendant filed timely notices of appeal from both judgments.

## II.  DISCUSSION

### A.   CONCURRENT SENTENCES FOR SECOND DEGREE BURGLARY AND PETTY THEFT WITH A PRIOR

Section 654 prohibits multiple punishment for a single criminal act or omission. [2] When a court fails to stay execution of a sentence under section 654, it acts in excess of its jurisdiction.  (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17 (*Scott*).)  Unless a specified prison term is agreed to personally and by counsel (*People v. Hester* (2000) 22 Cal.4th 290, 295; Cal. Rules of Court, rule 4.412(b)), which is not the case here, a claim of error under section 654 is nonwaiveable.  (*People v Perez* (1979) 23 Cal.3d 545, 549, fn. 3.)  Section 654's prohibition against multiple punishment applies to the execution of concurrent sentences because a concurrent sentence is considered punishment.  (*People v. Duff* (2010) 50 Cal.4th 787, 796.)  When a conviction triggers the application of section 654, the proper procedure is to impose but stay execution of the duplicative sentence, with the stay becoming permanent upon completion of the sentence for the greater offense.  (*Ibid.*)

Defendant argues, and the People appropriately concede, that section 654 applies to the concurrent petty theft sentence imposed in case No. C1240115.  Section 654 precludes double punishment for burglary and theft when, as here, the burglary is based on an entry with the intent to commit the theft.  (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468; *People v. Bernal* (1994) 22 Cal.App.4th 1455, 1458.)  The parties also agree that we should order the judgment to be modified accordingly.  (See *People v. Le* (2006) 136 Cal.App.4th 925, 936 (*Le*).)  We will do so.

---

[2]  Section 654, subdivision (a), provides:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

**B.     RESTITUTION FUND FINE**

Defendant argues that the restitution fund fine imposed under section 1202.4 also violates section 654's double punishment prohibition.  Section 1202.4, subdivision (b)(1) requires the court to impose a restitution fund fine, commensurate with the seriousness of the felony offense, of at least $280 and not more than $10,000 for convictions occurring in 2013.[3]  While the amount of the fine is discretionary, section 1202.4, subdivision (b)(2) provides an optional formula which a sentencing court may use to set the fine.  Using the subdivision (b)(2) formula, the fine is calculated as "the product of [$280] multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(2).)  The parties agree that the court multiplied two years of imprisonment times two felony convictions times $240[4] for a total of $960.  In *Le*, *supra*, 136 Cal.App.4th at p. 934, this court held that "the section 654 ban on multiple punishment is violated when the trial court considers a felony conviction for which the sentence should have been stayed pursuant to section 654 as part of the court's calculation of the restitution fine under the formula provided by section 1202.4,

---

[3]  Effective January 1, 2012, section 1202.4, subdivision (b)(1) provides:  "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense.  If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000)." (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358, § 1.)  Before 2011, the restitution fine for a felony conviction was "not [] less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000) . . . ." (§ 1202.4, subd. (b), added by Stats. 1994, ch. 1106, § 3.)

[4]  Although the offenses occurred in 2012, the convictions resulted in 2013.  The trial court calculated the restitution fund fine according to the subdivision (b)(2) formula using the $240 multiplier applicable to 2012 convictions instead of the $280 multiplier applicable to 2013 convictions.

subdivision (b)(2)."  (Accord *People v. Carlson* (2011) 200 Cal.App.4th 695, 710 (*Carlson*).)

While the People concede error in the calculation of the restitution fine under *Le*, *supra*, 136 Cal.App.4th 925 and *Carlson*, *supra*, 200 Cal.App.4th 695, the parties disagree as to the appropriate remedy.  Defendant argues that this court should modify the judgment to reflect the correct calculation of the fine using the subdivision (b)(2) formula as it did in *Le*, *supra*, 136 Cal.App.4th 925 because the record is clear that the trial court's intent was to rely on the statutory formula in setting the restitution fine. Defendant also asserts that a remand for the trial court to reassess the fine is judicially uneconomical.

Pointing to the statutory scheme, the People argue that the trial court has wide discretion to impose the restitution fund fine within the authorized range, and it is not required to use the subdivision (b)(2) formula in setting the amount of the fine.  The People ask us to remand this case for the trial court to exercise its discretion in determining the fine amount.

We are persuaded by defendant's arguments.  In setting the fine, the court stated: "Restitution fund fine of nine hundred sixty four [*sic*] dollars pursuant to 1202.4(b)(2)." This brief pronouncement, which is consistent with the probation report's recommendation that a mandatory restitution fine of $960 be imposed using the formula set forth in section 1202.4, subdivision (b)(2), demonstrates that the court's fine was driven by the result of the formula and was not the product of more individualized deliberation.  The record here strongly predicts that on remand the court would once again elect to apply the statutory formula.  Application of the subdivision (b)(2) formula to the modified sentence would yield a fine (using the 2013 multiplier) in the amount of $560 instead of $960.

We are mindful that a trial court has discretion to impose a fine up to $10,000, and on remand the court could confirm the original $960 fine amount as to the burglary count

alone.  As the practical effect of a remand in this case, at the very most, would be the addition of $400 to the state restitution fund, we do not see how the possible but unlikely addition of $400 justifies the cost to the criminal justice system that would be incurred by a remand.  (*People v. Vasquez Diaz* (1991) 229 Cal.App.3d 1310, 1316 [describing remand to determine restitution fine between $100 and $10,000 as judicially uneconomical and instead imposing minimum fine].)  We will therefore order the judgment modified to reflect a $560 restitution fund fine and a corresponding $560 parole revocation fine.  In light of our modifications to the judgment, we do not reach defendant's alternative ineffective assistance of counsel claim.

C.    **ABANDONMENT OF THE APPEAL OF CASE NUMBER C1246127**

Although defendant filed a notice of appeal and the clerk's transcript in case No. C1246127, and included the docket number on his briefs, his briefs present no arguments and seek no relief from this court regarding that case.  We construe defendant's briefing as an abandonment of his appeal as to case No. C1246127.  (See Cal. Rules of Court, rule 8.316.)  So construed, we will dismiss this appeal as to case No. C1246127.  (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1470 ["once the record has been filed in the reviewing court, dismissal of the appeal is within the reviewing court's discretion."].)

### III.  DISPOSITION

In case No. C1240115, the judgment is ordered modified to reflect that the sentence for petty theft with a prior (count 2) is stayed pursuant to Penal Code section 654.  The judgment is also modified to reduce and correct the restitution fund fine from $960 to $560 and the parole revocation fine from $960 to $560.  As so modified, the judgment is affirmed.  The superior court is ordered to send a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

The appeal in case No. C1246127 is dismissed.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.