Filed 7/30/14  P. v. Boulerice CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL BOULERICE,<br><br>    Defendant and Appellant. | H040322<br>(Santa Cruz County<br>Super. Ct. No. F23795) |

Appellant Paul Boulerice seeks review of two fines imposed by the trial court as a condition of probation after he pleaded no contest to assault by force likely to produce great bodily injury. (Pen. Code, sec. 245, subd. (a)(4).)  He contends that the court, rather than considering his ability to pay, imposed the two fines, a $400 restitution fine and a $400 parole revocation fine, in the mistaken belief that each was the minimum allowed by law.  We agree that the court erred and will modify the judgment.

*Background*

At the sentencing hearing on October 22, 2013, the Honorable Ariadne J. Symonds imposed a stipulated sentence of two years in prison for appellant's November 2012 offense.  After calculating credits, she ordered restitution and imposed a number of fines and fees, including a $400 restitution fine (Pen. Code, § 1202.4, subd. (b)(2)) and a $400 parole revocation fine (Pen. Code, § 1202.45), the last of which was stayed. Defense counsel objected to the fines because appellant had "no means to pay."  The

judge responded, "All right.  Thank you.  I have imposed the minimum fines by law."
She then corrected her calculation of custody credits and dismissed a separate count of
the information.  Appellant timely filed a notice of appeal.

*Discussion*

The People agree with appellant that Judge Symonds erred in stating that $400
was the minimum amount required for the restitution and parole revocation fines.  The
parties are, of course, correct.  The applicable statutes, Penal Code section 1202.4,
subdivision (b), and section 1202.45, respectively, set $240 as the minimum fines for a
felony committed in 2012.

Because it is clear that Judge Symonds did not exercise her discretion in imposing
these fines, the matter can be remanded to allow her to make a determination of the
appropriate amount.  We agree with the parties, however, that to conserve judicial
resources it is more expedient simply to reduce each fine to its statutory minimum.
(*People v. Blankenship* (1989) 213 Cal.App.3d 992, 1000, fn 10; *People v. Vasquez Diaz*
(1991) 229 Cal.App.3d 1310, 1316.)

*Disposition*

The judgment is modified to reduce the restitution fine and the parole revocation
fine to $240 each.  The trial court is directed to prepare an amended abstract of judgment
reflecting this modification and to forward a certified copy of the amended

2

abstract to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.


_____

ELIA, J.


WE CONCUR:


_____

PREMO, Acting P. J.


_____

MIHARA, J.


3