Filed 1/7/15  P. v. Crockett CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B252976 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. BA392378) |
| ROTHELL CROCKETT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Anne H. Egerton, Judge.  Affirmed as modified.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Rothell Crockett of carjacking (count 1; Pen. Code, § 215, subd. (a)),[1] robbery (count 2; § 211), and receiving stolen property (count 3; § 496, subd. (a)).[2] The trial court thereafter found Crockett had suffered five prior convictions with a prison term (§ 667.5, subs. (b)), two prior convictions which qualified as strikes (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)), and two prior convictions which qualified as serious felonies (§ 667, subd. (a)(1)). The court sentenced Crockett to a third strike term of 25 years to life on count 1, plus 10 years for the prior serious felony convictions. Further, the court imposed a third strike term of 25 years to life on count 2, plus 10 years for the prior serious felony convictions, but stayed the sentence pursuant to section 654. The court also stayed the sentence on count 3. We modify the judgment by vacating the conviction on count 3, and as modified, affirm the judgment.

## FACTS

At about 10:20 p.m. one New Year's Eve, Ray Pickens was withdrawing money from an ATM at a gas station when Crockett approached. Crockett brandished a handgun,[3] and demanded the keys to Pickens's Infinity, and the cash. Pickens said his four-year-old daughter was with him, and asked to get her out of the car. After unbuckling his daughter and taking her out of the car, Pickens handed his car keys and the cash to Crockett, who then drove away in Pickens's car. Pickens called 911 and reported the incident. About two hours later, now early on New Year's Day, Los Angeles Police Department Officer Matthew Casalicchio attempted to stop Crockett in the course of investigating another incident. Crockett failed to comply with the officer's directions and went behind a box that housed electrical equipment. As Officer Casalicchio watched, Crockett put what the officer believed to be handgun on the ground. Crockett

---

[1]     All further statutory references are to the Penal Code.

[2]     The jury acquitted Crockett of two additional counts. Those counts are irrelevant to Crockett's current appeal, so they are not discussed in this opinion.

[3]     Crockett was later found with a BB handgun.

then walked over to the officer, and a struggle ensued. Officer Casalicchio was able to subdue Crockett. Upon searching Crockett, Officer Casalicchio found Pickens' car keys in Crockett's pants pockets. The item that Crockett put on the ground was recovered; as noted above, it turned out to be a BB handgun, "like a replica firearm."

The People filed an information charging the offenses noted above. The charges were tried to a jury in July 2013. Pickens identified Crockett as the carjacker/robber; the officer who found Crockett in possession of Pickens's car keys testified regarding the events surrounding the discovery of the keys. Crockett presented testimony from an expert on the subject of the problems associated with eyewitness identifications. The jury convicted Crockett as noted at the outset of this opinion. The trial court thereafter found prior conviction allegations true as noted at the outset of this opinion, and sentenced Crockett as described above.

## DISCUSSION

### I. Receiving Stolen Property

Crockett contends, the People concede, and we agree that his count 3 conviction for receiving stolen property must be reversed because the property involved in that count was property taken in the course of the count 1 carjacking and count 2 robbery. Under the receiving stolen property statute (§ 496, subd. (a)), a defendant "cannot be convicted of both carjacking and receipt of stolen property, when the property in question is the vehicle taken during the carjacking." (*People v. Magallanes* (2009) 173 Cal.App.4th 529, 536.) At trial, the prosecutor argued to the jury that there was a distinct nuance to this rule in Crockett's case because the property for the section 496 count was stolen car keys, not a stolen car. On appeal, the People concede that such a theory is unsustainable because the car keys were property taken in the course of the carjacking and robbery. We agree. The proper remedy here, as recognized by both Crockett and the People, is to reverse his conviction for receiving stolen property, and let his convictions for carjacking and robbery stand. (See, e.g., *People v. Stephens* (1990) 218 Cal.App.3d 575, 586-587.)

3

## II.     Pitchess

Crockett filed a *Pitchess* motion[4] seeking information relating to several Los Angeles Police Department officers, including Officer Casalicchio.  Crockett sought evidence relevant to "acts of excessive force, bias, dishonesty or other acts of misconduct which [were] in any way relevant to the development of the defense in []his matter." The trial court granted the motion and conducted an in camera review.  On appeal, Crockett has asked that our court review the record independently to determine if the trial court conducted a proper *Pitchess* hearing.  The People acknowledge, and we agree, that such review on appeal is proper under the procedures set forth in *People v. Mooc* (2001) 26 Cal.4th 1216.

We have reviewed the transcript of the in camera hearing and find the trial court conducted the hearing properly, describing the nature of all complaints, if any, against the officer.  Further, we find the trial court did not abuse its discretion in ruling that certain material was discoverable.

## DISPOSITION

The judgment is modified by vacating Crockett's count 3 conviction for receiving stolen property.  As modified, the judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment and forward to the Department of Corrections and Rehabilitation center.


                                                                BIGELOW, P.J.

We concur:


            FLIER, J.



            GRIMES, J.

---

[4]      *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.