Filed 10/5/23  P. v. Gomez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOHNNY MANUEL GOMEZ,

    Defendant and Appellant.

E077966

(Super.Ct.No. BAF1800821)

OPINION

APPEAL from the Superior Court of Riverside County.  John M. Davis, Judge.

Affirmed in part and vacated in part with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Paige Hazard

and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted Johnny Manuel Gomez of carjacking and evading a peace officer. (Pen. Code, § 215, subd. (a); Veh. Code, § 2800.2, subd. (a); unlabeled statutory citations refer to the Penal Code.) Gomez argues that the record does not contain substantial evidence to support the force or fear element of carjacking. He also argues that we should remand the matter for the trial court to exercise its discretion under recently amended sections 654 and 1385. We remand for a new sentencing hearing, but we otherwise affirm the judgment.

BACKGROUND

I. *Evidence at Trial*

On the night of June 22, 2018, two police officers observed Gomez's truck drive by them. One of the officers recognized the truck from previous contacts and stops, and the officer knew that Gomez had an active warrant for his arrest. The officers activated the lights on their patrol car and attempted to stop Gomez, but he accelerated and sped away from them. He led the officers on a high-speed chase, running through numerous red traffic lights and stop signs. Gomez eventually escaped from the officers by turning off his headlights and driving down a dirt road. The officers lost track of his truck because of a large dust cloud. Surveillance video later confirmed that Gomez was driving the truck.

Six days later, Connie Yanez was driving Gomez to cash his paycheck. Yanez is Gomez's former fiancée. She had known Gomez for 25 years. Yanez drove by two police officers, who observed Gomez in the passenger's seat. Those officers also knew

2

that there was a warrant for Gomez's arrest. They followed Yanez's car and activated the lights on their patrol car. Yanez slowly pulled over and stopped. The officers were roughly one and one-half car lengths behind Yanez.

According to the officers, Yanez was screaming, and there was "a lot of commotion" and movement inside the car, especially from the passenger's side. Gomez looked back at the officers a few times, and he reached in the direction of the gear shift. The car's reverse lights came on and the car rolled back, and then it shifted back into park. Gomez was also reaching toward Yanez's legs and pushing down on her right leg, as if he were trying to make her step on the gas pedal. He moved toward the center console and started pushing Yanez. She was facing him with both hands raised when he reached across her to the driver's side door. The door flew open, and Yanez tumbled out of the car back-first. She landed in the middle of the road and rolled. The speed at which she flew out of the car made it appear as though she had been pushed. Gomez moved to the driver's seat and sped away. Throughout the incident, Yanez was yelling things like "'No, Johnny'" and "'Don't do this.'"

Officers interviewed Yanez shortly after the incident. She told them that Gomez said not to pull over and "to run." She also said that Gomez was trying to push the gas pedal while she was in the driver's seat. She told one of the officers that Gomez pushed her out of the car.

An officer also interviewed Gomez after law enforcement apprehended him. During that interview, the officer said several times that Gomez pushed Yanez out of the car. Gomez did not deny that statement.

According to Yanez's trial testimony, she saw the officers activate their lights and told Gomez that she had to pull over. Gomez appeared nervous and panicky. He wanted her to pull over so that he could get out of the car. She pulled over and told him to get out and "take care of it." Gomez nudged her and told her to "hurry up and get out" of the car. He reached across her and opened the driver's side door, but he did not push her out of the car. She never told officers that Gomez pushed her out of the car. She fell out of the car face-first when her foot got caught in her seatbelt. Yanez acknowledged that she cared about Gomez and did not want him to get into trouble.

II. *Procedural Background*

The People charged Gomez with one count of carjacking and two counts of felony evading a peace officer. The information also alleged that Gomez had two prior convictions qualifying as prior strikes and prior serious felony convictions—a 2004 conviction for robbery (§ 211) and a 2007 conviction for infliction of corporal injury on his child's mother (§ 273.5, subd. (e)), with an enhancement for personal use of a deadly or dangerous weapon (§ 12022, subd. (b)).

The jury convicted Gomez on all counts, and he admitted both prior strike convictions. He moved to dismiss the prior strikes under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and section 1385. The People opposed the

4

*Romero* motion, and the court granted the motion in part by dismissing the 2004 prior strike for robbery.

The court sentenced Gomez to 22 years in prison, consisting of the middle term of five years for carjacking, doubled pursuant to the Three Strikes law; two years for evading an officer (count 3); and two five-year terms for the two prior serious felony convictions (§ 667, subd. (a)(1)).[1]  Pursuant to section 654, the court imposed but stayed a middle term sentence on the second count for evading an officer (count 2).

DISCUSSION

I. *Substantial Evidence Challenge*

Gomez argues that the record does not contain substantial evidence to support the force or fear element of carjacking.  We disagree.

In resolving a substantial evidence claim, we review "the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt."  (*People v. Kipp* (2001) 26 Cal.4th 1100, 1128.)  We resolve all conflicts in the evidence and credibility questions in favor of the verdict.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)  We do not reweigh the

---

[1]     Although no party has briefed the issue, the sentence on count 3 appears to have been incorrectly calculated.  The court stated that it was imposing one-third the middle term, "making that two years."  The middle term sentence for felony evading an officer is two years.  (Veh. Code, § 2800.2; § 18, subd. (a).)  One-third of two years is eight months.  Doubling that under the Three Strikes law (*People v. Nguyen* (1999) 21 Cal.4th 197, 203-204), the appropriate sentence on count 3 would appear to be 16 months, not two years.  Because we are remanding the matter for resentencing under sections 654 and 1385, the parties and the court may address the count 3 sentence on remand.

5

evidence or reevaluate witness credibility. (*People v. Nelson* (2011) 51 Cal.4th 198, 210, fn. 5.)

"A conviction for carjacking requires proof that (1) the defendant took a vehicle that was not his or hers (2) from the immediate presence of a person who possessed the vehicle or was a passenger in the vehicle (3) against that person's will (4) by using force or fear and (5) with the intent of temporarily or permanently depriving the person of possession of the vehicle." (*People v. Magallanes* (2009) 173 Cal.App.4th 529, 534, citing § 215, subd (a).)

The record here contains substantial evidence that Gomez used force to take Yanez's car. The evidence showed that he struggled to take control of Yanez's car while she was still in the driver's seat. He shifted the car out of park and pushed down on Yanez's leg to make her step on the gas pedal. When that did not work, he moved into the center console area and started pushing her. He then reached across and opened her door, and she was ejected out of the car back-first. According to one of the officers, Yanez told him that Gomez pushed her out of the car. And when another officer told Gomez that he had pushed her, Gomez did not deny it. The jurors could reasonably conclude from the evidence that Gomez forcibly took Yanez's car by pushing her out of it. (See *People v. Lopez* (2003) 31 Cal.4th 1051, 1062 [noting that "a completed carjacking occurs" when the defendant "forcibly removes the victim from the car before driving off" (italics omitted)].)

6

Gomez argues that there was not substantial evidence because the evidence of force came exclusively from the officers' testimony, which was contradicted by Yanez's trial testimony that she fell out of the car but was not pushed. But the jury was entitled to credit the officers, including their reports of Yanez's pretrial statements, and disbelieve what Yanez said at trial. We may not substitute our own judgment about the witnesses' credibility on appeal.

For these reasons, substantial evidence supports the finding that Gomez accomplished the carjacking by force or fear.

II. *Section 654*

Gomez argues that we should remand for the trial court to exercise its discretion under recently amended section 654. Former section 654 provided that an act punishable by more than one provision of the law "shall be punished under the provision that provides for the longest potential term of imprisonment," but the act could not be punished under more than one provision. (Former § 654, subd. (a), as amended by Stats. 1997, ch. 410, § 1.) Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill 518) removed the requirement that the court impose the longest term of imprisonment for the act. (*People v. Sek* (2022) 74 Cal.App.5th 657, 673 (*Sek*).) Thus, effective January 1, 2022, section 654 permits a defendant whose single act is punishable by multiple provisions to "be punished under either of such provisions." (§ 654, subd. (a).)

The People concede that Assembly Bill 518 applies retroactively to the nonfinal judgment in this case and that a remand is appropriate, and we agree. (*People v. Mani*

7

(2022) 74 Cal.App.5th 343, 379.) On remand, Gomez may ask the court to decide whether to stay his carjacking sentence or his sentence on count 2 for evading an officer.

III. *Section 1385*

Gomez also argues that on remand, the court should have the chance to exercise its discretion under recently amended section 1385. Effective January 1, 2022, the Legislature amended section 1385 to include subdivision (c). (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 295.) The new subdivision specifies mitigating circumstances that the court must consider when deciding whether to strike enhancements in the furtherance of justice. (§ 1385, subd. (c); *Sek*, *supra*, 74 Cal.App.5th at p. 674.) As relevant here, the court must consider whether multiple enhancements are alleged, whether application of the enhancement could result in a sentence of over 20 years, and whether the enhancement is based on a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(B), (C), (H).) Subdivision (c) of section 1385 applies "to all sentencings occurring after January 1, 2022." (§ 1385, subd. (c)(7).)

The People concede that if we are remanding for the court to resentence Gomez under amended section 654, then any resentencing will occur after January 1, 2022, and subdivision (c) of section 1385 will apply to Gomez's case. We agree. (*People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 930; *Sek*, *supra*, 74 Cal.App.4th at p. 674.) On remand, Gomez may ask the court to dismiss one or both of his enhancements for prior serious felony convictions under section 1385, subdivision (c).

8

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing in light of recently amended sections 654 and 1385.  The parties and the court may also address any error in Gomez's sentence on count 3.  (See fn. 1, *ante*.)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____<br>J.

We concur:

RAMIREZ_____
P. J.
RAPHAEL_____
J.