Filed 10/16/24  P. v. Cervantes CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063440 |
| v. | (Super. Ct. No. 21NF0467) |
| DANIEL CERVANTES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael A. Leversen, Judge. Affirmed with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this criminal appeal, appointed counsel for Daniel Cervantes filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, set forth the facts of the case, and asked us to review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel identified four potential issues to assist in our independent review. Cervantes filed his own brief asserting similar issues for consideration. We have independently reviewed the record and considered the potential issues raised by Cervantes and his counsel. We have not found an arguable issue on appeal. But we will remand the matter to permit the trial court to correct a clerical error in the abstract of judgment. In all other respects, we affirm the judgment.

FACTS

Around 10:30 p.m. on February 8, 2021, R.D., a delivery driver for a medical marijuana business, was making her last delivery to an address at Katella Avenue in Anaheim. After she parked and exited her delivery van, a man approached her. The man posed as her delivery customer, grabbed her wrist, and said he needed her keys. The man pointed a handgun at her stomach. She gave him the keys, and the man got into the van. She asked for her phone, and the man threw it out the van before driving away.

R.D. called 911. The van, which had a GPS tracker, was tracked to an address in Fullerton, about a few miles from the site of the carjacking, and a police helicopter was dispatched to the area. The tactical flight officer in the helicopter spotted a van matching the description of, and later confirmed to be, the stolen van.[1] The van was on the street near an SUV as police vehicles approached. The tactical flight officer saw an individual, later identified as Cervantes, flee the van. A police vehicle followed and stopped

_____

[1] The video footage from the helicopter was also played at trial.

2

the SUV. The driver of the SUV was a woman who identified herself as Denise Cervantes-Sandoval.

A different police vehicle followed Cervantes on the ground, as the helicopter followed Cervantes from above. When Cervantes ran into an apartment or condominium complex, police officers, along with a police dog, gave chase on foot. Cervantes "hunkered down" in a patio inside the complex. As an officer was announcing the presence of police and the K-9, the officer "saw a head pop up over the wall" and quickly disappear. Cervantes then fled, and the officer and the police dog ran after him. Once released, the police dog caught up to Cervantes and bit onto his leg.

An ambulance transported Cervantes, accompanied by a police officer, to the hospital. Cervantes was wearing a blue Dodgers t-shirt. Another police officer took R.D. to the hospital to identify Cervantes. While in the backseat of the police vehicle, R.D. saw Cervantes exiting an ambulance, about 15 to 20 feet away, and identified him as the man who stole the van.

At the complex where Cervantes had been apprehended, the police recovered a pair of gray gloves, a gray hooded sweatshirt, a cell phone, and a black gaiter mask, described as "an elongated face mask," from an enclosed patio area. Cervantes's DNA was found on these items.

From the SUV that Cervantes-Sandoval had been driving, the police recovered another cell phone. Data extracted from the recovered cell phones showed several calls placed between them on the night of the carjacking. The extracted data also revealed text messages sent that night, including one referring to a Fullerton address near where the stolen van was spotted, and web searches referring to the medical marijuana company that R.D. worked for.

Before the van was stolen, it contained, among other things, a little over $1,000 in cash from the day's deliveries, medical marijuana products, and R.D.'s personal belongings, including about $200 in cash tips. The van also had a camera installed inside, near the front windshield. When the police returned R.D. to the van that night, the cash and camera were missing.

At trial, R.D. described the carjacker as Hispanic, in his mid to late twenties, about five feet and seven or eight inches tall, and wearing all black, with a hoodie and a COVID-type mask, and she pointed to Cervantes as the carjacker. When asked about her identification of Cervantes at the hospital, R. D. testified that she "could see the eyebrows and the eyes" and that she "recognized him immediately because that's all [she] could see."

The operative amended information charged Cervantes with carjacking (Pen. Code, § 215, subd. (a); count 1)[2] and resisting and obstructing an officer (§ 148, subd. (a)(1); count 2). It also alleged Cervantes personally used a firearm during the carjacking (§ 12022.53, subd. (b)) and he had suffered a prior conviction that constituted both a serious and violent felony, or "strike" (§§ 667, subds. (d), (e)(1), 1170.12, subds (b), (c)(1)), and a serious felony (§§ 667, subd. (a)(1), 1192.7).

A jury found Cervantes guilty of both counts and found he personally used a firearm during the carjacking. The trial court found the prior conviction allegations to be true. The court sentenced Cervantes to a total of 10 years in prison, representing 10 years on count 1 (the middle term of five years, doubled for the prior "strike") and 364 days in county jail on

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

4

count 2 (with credit for time served, resulting in a terminal disposition). The court struck the 10-year enhancement for personal use of a firearm (§ 12022.53, subd. (b)) and the five-year enhancement for a prior conviction (§ 667, subd. (a)) for sentencing purposes only. Cervantes timely appealed.

## DISCUSSION

To facilitate our independent review, appointed counsel identified four potential issues for consideration. First, was the evidence sufficient to support the carjacking conviction? Second, was the evidence sufficient to support the true finding on the firearm enhancement? Third, did the trial court err by not selecting the lower term for the carjacking conviction due to Cervantes's age at the time of the offense? Fourth, did the court err by refusing to instruct on theft and receipt of stolen property, which are lesser related offenses of carjacking? Cervantes filed his own brief, arguing the evidence was insufficient to support the carjacking conviction—the same argument as the first potential issue raised by counsel.

Generally, an arguable issue is one that has "a reasonable potential for success" and, if successful, will result in either reversal or modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d, 106, 109.) We have independently reviewed the entire record in this case and have found no arguable issue. We address each potential issue suggested by appointed counsel and Cervantes below.

First, the evidence was sufficient to support each element of the carjacking conviction. On a challenge to the sufficiency of the evidence, "we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v.*

5

*Albillar* (2010) 51 Cal.4th 47, 60.) We "'neither reweigh[ ] evidence nor reevaluate[ ] a witness's credibility.'" (*Ibid.*) Our power "'*begins* and *ends* with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact.'" (*People v. Lagunas* (2023) 97 Cal.App.5th 996, 1007 (*Lagunas*).)

At trial, R.D. testified Cervantes grabbed her wrist, pointed a gun at her, demanded the van keys, and drove off in the van. This testimony satisfies all the elements of carjacking—"that (1) the defendant took a vehicle that was not his or hers (2) from the immediate presence of a person who possessed the vehicle or was a passenger in the vehicle (3) against that person's will (4) by using force or fear and (5) with the intent of temporarily or permanently depriving the person of possession of the vehicle." (*People v. Magallanes* (2009) 173 Cal.App.4th 529, 534; see also *People v. Reed* (2018) 4 Cal.5th 989, 1006 ["[I]dentification of [a] defendant by a single eyewitness may be sufficient to establish, beyond a reasonable doubt, defendant's identity as perpetrator of the crime charged"].) Although the prosecution presented much more evidence at trial tying Cervantes to the carjacking, R.D.'s testimony alone is sufficient to support the conviction.

In his supplemental brief, Cervantes contends "there was a lack of supportive evidence" for a carjacking conviction with a firearm enhancement because there was no evidence the gun, the money from the van, and the van's camera were found on or near him; there was no evidence "a firearm was used at all other than the victim believing to have seen one"; and "the victim identified [him] by [his] eyes but never specified exactly what was recognizable about them." But these contentions simply attack the weight of the evidence and the credibility of witnesses. It is the trier of fact— not the reviewing court—that determines the credibility of witnesses and

6

evaluates the strength or weakness of identification evidence. (*People v. Smith* (2005) 37 Cal.4th 733, 739.)

Second, because the evidence was sufficient to identify Cervantes as the carjacker, it was also sufficient to support the true finding on the firearm enhancement.

Third, the trial did not abuse its discretion in selecting the midterm for the carjacking conviction, despite the fact Cervantes was 25 years old at the time of the offense. If a defendant was a youth when he or she committed the offense, the trial court shall impose the lower term "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) Aggravating factors include that "[t]he crime involved great violence, great bodily harm, threat of great bodily harm"; "[t]he defendant was armed with or used a weapon at the time of the commission of the crime;" and "[t]he manner in which the crime was carried out indicates planning, sophistication, or professionalism." (Cal. Rules of Court, rule 4.421(a)(1), (2), (8).) The party attacking the sentence bears the burden ""'to clearly show that the sentencing decision was irrational or arbitrary.'"" (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)

Here, the trial court expressly stated it considered Cervantes's "age, social history, future prospects for productive life," as well as "the general objectives of sentencing, including protection of society, deterrence from future criminal conduct, sentencing uniformity and ensuring that the sentence indicated herein is commensurate with the defendant's behavior in the current case combined with [his] record." The court further noted the carjacking "was a well planned out crime." On this record, Cervantes cannot

show the court abused its discretion in imposing the midterm on the carjacking conviction.

Fourth, the trial court did not err by refusing to instruct on the lesser related offenses of theft and receipt of stolen property. "[W]ithout the consent of the prosecutor, a trial court has no obligation to instruct a jury on any *lesser related* offenses." (*Lagunas*, *supra*, 97 Cal.App.5th at p. 1008, citing *People v. Birks* (1998) 19 Cal.4th 108, 136; see also *People v. Ng* (2022) 13 Cal.5th 448, 557 [trial court cannot instruct on lesser related offenses requested by defense over prosecution's objection].) Here, after the close of evidence and during a discussion on jury instructions, defense counsel stated to the trial court that the prosecutor was "not going to include lesser related offenses." Although defense counsel requested the instructions, he acknowledged "defense is not entitled to those, and the court doesn't have to give those sua sponte." The court ultimately refused to instruct on lesser related offenses. Given the prosecutor's position against including lesser related offenses, the court did not err in refusing to instruct on them.

Finally, although the parties did not raise the issue, we note omissions in the abstract of judgment that need to be corrected. Here, the jury found true the personal use of a firearm allegation, and the trial court found true the prior conviction allegations. But "for the purpose of sentencing" only, the court struck their respective enhancements. (§§ 12022.53, subd. (b), 667, subd. (a).) The abstract, however, does not reflect these findings and the court's decision to strike the punishment for the enhancements. Because an "abstract must summarize the judgment that was imposed" (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1083), we direct the court to prepare a corrected abstract of judgment (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186).

8

## DISPOSITION

The matter is remanded to the trial court with instructions to correct the abstract of judgment, filed January 3, 2024, to reflect the following: (1) on page 1, section 2, state that punishment for the enhancement under section 12022.53, subdivision (b), for count 1 is stricken; and (2) on page 1, section 3, state that the punishment for the enhancement under section 667, subdivision (a), is stricken. The court is further instructed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

9